" 1. If there is no dispute between the parties on matters of payment, allowance or loss provided for in sections 3, 7 and 8 of the contract, can arbitration be demanded under section 12 of the said contract?

" 2. Where a contractor defaulted in his contract and abandoned the work and thereupon the owner, in accordance with the provisions of section 5 of the contract, completed the work, can the contractor demand arbitration under section 12 of the contract?

" 3. Does section 3 of article 2 of the Arbitration Law require questions of default, breach of contract, payment and other issues raised by the petition and answering affidavits herein, to be summarily tried by the court or by a jury if demanded?

" 4. Does section 3 of article 2 of the Arbitration Law require all issues raised by the petition and answering affidavits to be summarily tried by the court or by a jury if demanded?

" 5. On the petition and answering affidavits herein, can the contractor demand arbitration under section 12 of the contract? "

*Aaron H. Marx* and *Walter E. Godfrey* for appellant.

*George K. Hunton* and *John W. A. Kelley* for respondent.

Order affirmed, with costs; questions certified answered in the negative; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

B. & B. TRUCKING, INC., Appellant, *v.* HOME FIRE AND MARINE INSURANCE COMPANY OF CALIFORNIA, Respondent.

*Pleading — insurance — action to recover on policy of automobile fire insurance — sufficiency of defense of cancellation.*

B. & B. *Trucking, Inc.,* v. *Home F. & M. Ins. Co.,* 207 App. Div. 846, affirmed.

(Argued January 7, 1924; decided February 19, 1924.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial depart-

ment, entered November 16, 1923, which unanimously affirmed an order of Special Term denying a motion to strike out a separate defense set up in the answer. The action was to recover upon a policy of automobile fire insurance. The answer set up as a separate defense that prior to the loss the policy had been canceled pursuant to its terms.

The following question was certified: " Is the first separate and distinct defense contained in paragraphs fifth to eighth inclusive of the answer herein sufficient in law on the face thereof."

*Chauncey E. Treadwell* for appellant.

*Leo Levy* and *Harold R. Medina* for respondent.

Order affirmed, with costs; question certified answered in the affirmative; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, MCLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK ex rel. JACOB Y. WILKINS, Respondent, *v.* M. ASCHER SILK CORPORATION et al., Appellants.

*Corporations — directors — right of director to examine books of corporation.*

*People ex rel. Wilkins* v. *Ascher Silk Corpn.*, 207 App. Div. 168, affirmed.

(Argued January 7, 1924; decided February 19, 1924.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered December 19, 1923, which reversed as matter of law an order of Special Term denying a motion for a peremptory order of mandamus to compel defendants to give to relator, as a director of the defendant corporation, access to and the right to inspect its books and records, and granted said motion.

The Appellate Division held that relator, as a director, had an absolute right to examine the books of the corporation.