**312**   B. & B. Trucking, Inc., *v.* Home Fire & Marine Ins. Co.

Supreme Court, April, 1925.                                    [Vol. 125

B. & B. Trucking, Inc., Plaintiff. *v.* Home Fire and Marine
Insurance Company of California, Defendant.

Supreme Court, New York County, April 23, 1925.

Insurance — cancellation of policy — policy provided " notice of can-
cellation shall state that * * * excess premium (if not tendered)
will be refunded on demand "— insurer liable for loss for failure to
literally comply with provisions of policy as to cancellation — no basis
for defense of waiver or estoppel — determination of sufficiency of
defense in answer as to cancellation not adjudication as to sufficiency
of notice of cancellation.

An insurer, to be relieved of liability upon cancellation of its policy, must literally
comply with all the requirements of the cancellation clause of said policy.

Accordingly, defendant insurance company is liable upon a policy, the cancellation
clause of which provided that " notice of cancellation shall state that * * *
excess premium (if not tendered) will be refunded on demand," where it
appears that the only notice of cancellation mailed to the plaintiff provided
that " the unearned premium due, if any, will be subject to your order and
paid upon the return of the policy * * *," since said notice, for failure
to comply with the requirements of the policy, is insufficient for purposes of
cancellation.

There is no basis for the defense of waiver or estoppel, since the notice was never
received by any one with authority to decide to act as to replacing insurance
for plaintiff.

The fact that the defense of cancellation, as set out in defendant's answer, was
deemed sufficient on appeal from the denial of a motion to strike out the
defense, cannot be said to have been an adjudication of the sufficiency of the
notice of cancellation, no copy of which was incorporated in the answer.

Motion by plaintiff to set aside verdict for defendant.

*Lempke & Stein* [*Chauncey E. Treadwell* of counsel], for the
plaintiff.

*Leo Levy* [*R. Waldo MacKewan* of counsel], for the defendant.

Gavegan, J.:

At the time of the direction of a verdict for defendant, plaintiff
moved to set it aside, and the disposition of this motion was reserved
for further consideration. The final decision depends upon the
sufficiency of a notice of cancellation by which the defendant insur-
ance company purported to cancel a policy covering an automobile
truck as to collision, theft or fire. Counsel for defendant has
persistently diverted into questions not involved. Particularly it
may be noted that we are not considering the validity of a new
cancellation clause recently adopted on the recommendation of
the insurance commissioners of a number of States; nor are we

involved in the conflict of decisions which until recently prevailed as to the necessity of tendering the unearned premium with a notice of cancellation. Moreover, defendant refers to decisions under an " old form," and it is urged that there are signs that the Court of Appeals of this State " is prepared to write new law with respect to cancellation, in accordance with a *new* interpretation of the cancellation clause as contained in the new standard form of policy, which has only been in existence since 1918." None of these matters is under discussion. We are concerned with the sufficiency of a particular notice given under the cancellation clause, and not with the cancellation clause itself or its validity. The policy which defendant issued to plaintiff provides:

"*Cancellation.*— This policy shall be canceled at any time at the request of the assured, in which case the company shall upon demand and surrender of this policy refund the excess of said premium above the customary short rate premium for the expired term. This policy may be canceled at any time by the company, by giving to the assured a five (5) days written notice of cancellation with or without tender of the excess of paid premium above the *pro rata* premium for the expired term, which excess, if not tendered, shall be refunded on demand. Notice of cancellation shall state that said excess premium (if not tendered) will be refunded on demand. Notice of cancellation mailed to the address of the assured stated in the policy shall be sufficient notice."

The notice of cancellation is as follows.

"*Home Fire & Marine Insurance Company of California — Automobile Branch — Eastern Department — Notice of Cancellation.*— The Home Fire and Marine Insurance Company of California hereby gives you notice that its automobile policy No. 45482, issued through its Brooklyn, N. Y., Agency to B. & B. Trucking Company on Ward La France truck automobile is hereby canceled in accordance with the printed conditions thereof, to take effect in five (5) days after date of this notice, at which time all liability of said Company thereunder will cease and terminate. The unearned premium due, if any, will be subject to your order and paid upon the return of the policy to the address below. Dated at Boston, Mass., this 15th day of April, 1922. Home Fire & Marine Insurance Co. (Eastern Department)' 70 Kilby Street, Boston, Mass. By E. F. W. Superintendent. By registered mail."

The jury found that this notice was delivered in New York by registered mail to some representative of plaintiff; but apparently it was never received by any one with authority to decide to act as to replacing the insurance for plaintiff. That notice was effectually given rests on a very narrow finding of fact implying no actual

**314** B. & B. Trucking, Inc., *v.* Home Fire & Marine Ins. Co.

Supreme Court, April, 1925. [Vol. 125

notice to an agent with authority to act for plaintiff, no actual knowledge, by such a representative, of defendant's attempt to cancel the policy. It appears, therefore, that there is no substantial basis in fact for still another point made for defendant, one implying waiver or estoppel.

It is argued for defendant that the notice of cancellation should be considered entirely sufficient to cancel the policy, though it does not comply with the requirement that "notice of cancellation shall state * * * excess premium (if not tendered) will be refunded on demand." This requirement and the word "state" may be disregarded with impunity by the insurance company according to the view taken by its counsel. The provision quoted was not complied with. Defendant's position, as stated in the notice of cancellation, was not simply that the excess premium would be refunded on demand. Its position was that it would not refund without surrender of the policy. My view is that a notice of cancellation must comply with the requirements of the cancellation clause if such notice is, of itself and without the assistance of any elements of waiver or estoppel, to have the effect of canceling the insurance. For a variety of reasons the insured might find it inconsistent with his rights or even impossible to surrender the policy. It might have been lost or destroyed or be unavailable for other reasons, or the insured might have a claim on it, or on some other ground have an interest in holding it.

" The insurer, to be relieved of liability, must literally comply with the requirements of this clause; otherwise the policy will continue and the company will be bound for any loss occurring thereunder." (*Pomerantz* v. *Mutual Fire Ins. Co.*, 279 Penn. St. 497, 501.)

Defendant would separate the cancellation clause into two parts, one providing for cancellation and the other for the return of unearned premium. Its counsel insists that cancellation comes first, and that the matter of unearned premiums is a " later transaction " as well as one merely collateral to cancellation. But this argument appears to me to be without force. The policy provides that the insurance may be canceled by a notice which may be mailed. It provides in terms that the notice " shall state that * * * excess premium (if not tendered) will be refunded on demand." By their contract the parties have stipulated that defendant can cancel the contract if it complies with this requirement. The company is not left free to say it will cancel without such compliance. Nor is the court free to say that this or any other stipulation of the contract consistent with its main purpose may be disregarded, because to the court it appears to be of no great moment.

Plaintiff is entitled to insist on conformity with a condition to cancellation stipulated for in unmistakable terms.  Defendant must rely upon the sufficiency of the notice quoted above.  Certainly the notice is not a " later transaction," as of the time of terminating the insurance, for five days' notice of cancellation is required.  I am unable to take the view that a notice which does not comply with the requirements of the cancellation clause is nevertheless sufficient if it definitely and in unambiguous language expresses an unequivocal intent to avoid further liability on the policy.  This is defendant's argument.  It merely disregards a requirement of the policy.

Reference is made to *Schwarzchild & Sulzberger Co.* v. *Phœnix Ins. Co. of Hartford* (C. C., 115 Fed. 653; affd., 124 id. 52; 59 C. C. A. 572).  The cancellation clause discussed by the courts in that case is quoted in both reports.  It does not contain a requirement such as we are discussing.  On the contrary, it fits in with defendant's argument.  Were the corresponding clause of the policy in suit the same as that in the policy sued on in the case of *Schwarzchild & Sulzberger Co.* v. *Phœnix Ins. Co. of Hartford,* there would be great force to defendant's argument that any notice of cancellation would be sufficient " so long as it conveyed notice " of intention to avail " of the privilege to have the policy canceled." (See 115 Fed. 656.)

At another part of his brief, counsel for defendant contends that any language is sufficient which " conveys to the insured the knowledge that the insurer is ready and willing to negotiate with the insured for an adjustment " of the matter of unearned premium.  There is no intention on my part to state that any particular phraseology must be adopted by the insurance company.  On the other hand, I do not consider a notice of cancellation to be sufficient which does not comply with the provision that the notice shall " state that * * * excess premium (if not tendered) will be refunded on demand."  This is an express requirement and one with which defendant did not comply.  It cannot be avoided by regarding the cancellation clause, as defendant would have us regard it, as providing separately for cancellation and for the return of unearned premium, for the statement required as to the return of unearned premium is expressly made a condition of cancellation by notice sent through the mails.

On receipt of defendant's answer in this case, plaintiff made a motion to have the defense of cancellation stricken out for insufficiency.  This motion was denied, a decision affirmed in the Appellate Division (207 App. Div. 846) and in the Court of Appeals (237 N. Y. 573).  The defense alleged that the company " gave

written notice in strict accordance with the cancellation clause." The sufficiency of the notice is alleged in no other way. No copy of it is incorporated into the answer by reference or otherwise. Nothing but the allegation referred to was before the courts when they held the statement of the defense to be sufficient. They did not have before them the notice itself or the facts and circumstances as they now appear. These did not appear from the answer. There is no merit whatever in defendant's contention that the sufficiency of the notice has been previously adjudicated; that it has been adjudicated that notice was given " in strict accordance with " the cancellation clause. That it was so given was pleaded by bare allegation in a defense held to be sufficient as a pleading. But it was not held that the notice was so given. This is the first occasion for deciding whether such allegation is an established fact.

References are made for defendant to affidavits verified by counsel for plaintiff, in which the matters in controversy are defined in a manner inconsistent with the views now urged for plaintiff. But the averments referred to have no effect to estop plaintiff from having the points really at issue decided on the record as it now stands. The court would not be justified in refusing to consider the case on the entire record, because counsel for plaintiff on previous occasions took a view as to the determining questions at issue somewhat inconsistent with the views now urged for plaintiff.

The motion to set aside the *pro forma* direction of a verdict for defendant will be granted, and a verdict will be directed for plaintiff.

Settle order on notice.