Alexander W. Kramer, J.
On or about the 24th day of April, 1966, plaintiff’s vehicle was in collision with another vehicle owned by Richard J. Libertine and operated by Donald McDougall.
Plaintiff instituted suit and recovered a judgment against Libertine on December 13,1967.
The defendant had — prior to the dates hereinbefore indicated —issued a policy of liability insurance covering Libertine’s *427 vehicle. Defendant caused its certificate of insurance (FS-1) to be filed with the Department of Motor Vehicles. The certification was “ effective ” from May 18, 1963, until cancelled. No notice of termination or cancellation was filed with the Department of Motor Vehicles.
On or about February 3, 1966, defendant caused a notice of cancellation, predicated upon nonpayment of premiums, to be mailed to Libertine at the address given in the policy.
Not having been able to enforce the judgment against Libertine, plaintiff caused a transcript thereof to be served upon the defendant.
Defendant claims that it is under no obligation to pay: it rests this contention upon its alleged notice of cancellation to Libertine prior to the happening of the accident. Section 313 of the Vehicle and Traffic Law is urged in support of its position. That section provides, inter alia, that a policy of insurance may be terminated upon 10 days’ notice to the assured at the address stated in the policy where the ground for termination is the nonpayment of premium.
And, similarly, defendant urges two authorities to sustain its position viz: Kyer v. General Cas. Co. of America (14 A D 2d 649) and Murray v. Allstate Ins. Co. (16 A D 2d 958).
For reasons, best known to itself, defendant has completely bypassed section 347 of the Vehicle and Traffic Law. That section provides:
“ When an insurance carrier has certified a motor vehicle liability policy or a standard provisions automobile liability policy under section three hundred forty-three or a policy under section three hundred forty-four, the insurance so certified shall not be cancelled or terminated until at least ten days after a notice of cancellation or termination of the insurance so certified shall be filed in the office of the commissioner ”.
Section 313 is part of the Motor Vehicle Financial Security Act (Vehicle and Traffic Law, art. 6). It was designed to delineate the duties and responsibilities as between the insurer and the insured.
Section 347 is part of the Motor Vehicle Safety Responsibility Act. (Vehicle and Traffic Law, art. 7.) It was designed to spell out the relationships between the insurer, the Department of Motor Vehicles, and the general public. Section 340 provides for the surrender of operator’s licenses, chauffeur’s licenses, and certificates of registration. Article 7 implements article 6. Failure to comply with the latter can lead to other measures under the former whereby the public — for whose convenience *428 and safety the legislation was enacted — might be more fully safeguarded.
Murray v. Allstate, hereinbefore cited, involved litigation between the insured and the insurer.
In Kyer (supra), the brother of the insured was injured by the insured’s vehicle; he sued the insurer.
In neither case was article 7 considered or section 347 taken into account.
Section 313 pertains to the relationship between the insured and the insurer, while section 347 was enacted to protect the public from uninsured persons. The mandate was directed at insurers to compel them to notify the Commissioner’s office or bear the alternative of continued coverage until they did so.
Numerous cases outside of New York where statutes similar to section 347 are in effect support this conclusion — particularly in New Jersey.
“ The New Jersey Motor Vehicle Financial Responsibility Law provides that a policy issued pursuant thereto should be noncancelable except after ten days’ written notice to the Commissioner of Motor Vehicles and further provides that the liability of an insurance company should become absolute thereunder when loss or damage covered by the policy occurs.” (34 ALR 2d 1304.)
Judgment is therefore directed in favor of the plaintiff for $1,388.10, with interest thereon from December 13, 1967, as well as the costs and disbursements of this action.