Michael Catalano, J.
Plaintiff seeks a declaratory judgment determining whether on the date of an automobile accident, May 24, 1967, when defendant, Willie Boss, Sr. (Boss Sr.) owned a 1961 Oldsmobile which was being operated by Willie Boss, Jr. (Boss Jr.) so as to collide with an automobile operated and owned by plaintiff, a policy of insurance issued by defend *143 ant, Travelers Insurance Company (Travelers), to Boss Sr. was in effect or was validly cancelled.
The court finds:
Travelers and defendant, Liberty Mutual Insurance Company, (Liberty) are authorized insurance carriers.
October 21, 1966, Travelers issued public liability insurance policy, No. PQMV-6974757, effective October 20, 1966 to October 20, 1967, insuring Boss Sr’s. Oldsmobile. The same date, Boss Sr. entered into a premium finance agreement with the Manufacturers So Traders Trust Company (M So T) of Buffalo, New York for installment payment of said insurance. Boss Sr. operated his Oldsmobile until October 24, 1967 when he surrendered his registration certificate and plates.
February 9, 1967, Travelers mailed to Boss 'Sr. a notice of cancellation of said insurance, effective February 21, 1967, for nonpayment of premiums, but Travelers failed to file such a notice in the office of the Commissioner of Motor Vehicles.
April 28, 1967, defendant, Liberty Mutual Insurance Company, issued public liability insurance policy No. AN1-282-41125, effective April 28, 1967 to April 28, 1968, to plaintiff, which policy contained the New York State Uninsured Motorist Indorsement.
May 24, 1967, plaintiff operated his automobile in Buffalo, New York, colliding with said Oldsmobile operated by Boss Jr., resulting in personal injuries and property damage to plaintiff. That same date, Boss Sr. notified Travelers of this accident.
August 23, 1967, plaintiff notified Liberty of said accident.
Liberty disclaims liability to plaintiff because said Oldsmobile owned by Boss Sr. was insured by Travelers when the accident occurred; Travelers disclaims because its policy had been allegedly canceled before then.
December 2, 1967, plaintiff started an action in Supreme Court against Boss Sr. and Boss Jr.
July 24, 1968, plaintiff demanded arbitration with Liberty, pursuant to its said policy.
August 2, 1968, Liberty started an action in Supreme Court to stay plaintiff’s arbitration because Boss Sr. was insured on the' date of the accident.
October 8, 1968, plaintiff started this action.
December 26, 1968, Travelers served its answer; January 27, 1969, Liberty served its answer; Boss Sr. has defaulted in pleading.
The said premium finance agreement, provides inter alia: “ Insured (Boss Sr.) hereby appoints Payee (A. P. Caruso, agent or broker) his attorney-in-fact to cancel any insurance *144 contract(s) listed in this agreement in the event of any default hereunder, in accordance with the provisions of Section 576 of the Banking Lem of the State of New York
Said section 576 (subd. 1, par. [g]) of the Banking Law provides that ‘ ‘ notice of such cancellation * * * shall be filed by the insurer * * * with the commissioner of motor vehicles not later than thirty days following the effective date of such cancellation where such a filing is required pursuant to * * * section three hundred thirteen of the vehicle and traffic law ”. (Emphasis .added.)
This notice to the Commissioner is vital. (See: Vehicle and Traffic Law, § 347; MVAIC v. Davidson, 56 Misc 2d 246, 249; D’Andrea v. Allstate Ins. Co., 58 Misc 2d 426, 427.)
Kyer v. General Cas. Co. of Amer. (14 A D 2d 649) and Murray v. Allstate Ins. Co. (16 A D 2d 958) are distinguishable because in the Murray case, the insured sued the insurer; in Kyer, the insured’s brother, injured by the insured’s vehicle, sued the insurer, and neither involved a premium finance agreement.
Section 576 of the Banking Law and sections 313 and 347 of the Vehicle and Traffic Law, when applicable, as here, being in pari materia, should be read together.
Therefore, Travelers’ said policy was in full force at the time of the accident, May 24, 1967, since Travelers failed to file a notice of cancellation with the Commissioner of Motor Vehicles.
Declaratory judgment is granted in favor of plaintiff against Travelers accordingly, and enjoining plaintiff from proceeding to arbitration against Liberty.