Bertram Harnett, J.
The .court rules here that an automobile insurance carrier cannot in New York terminate an automobile policy on notice to the insured without also giving prior notice to the State Motor Vehicle Commissioner.
This result is obliged by section 347 of the Vehicle and Traffic Law which provides in material part: ‘ ‘ When an insurance carrier has certified a motor vehicle liability policy * * * the insurance so certified shall not be cancelled or terminated until at least ten days after a notice of cancellation or termination of the insurance * * * shall be filed in the office of the [MotorVehicle] commissioner”.
*87 The statute is plain on its face and its recognition should dispel some previous uncertainties which have arisen because of preoccupation with section 313 of the Vehicle and Traffic Law, which deals essentially with maintenance by the insured of financial protection against his potential harm to others. The last paragraph of section 313 requires an insurer who terminates insurance to file a notice of it with the Motor Vehicle Commissioner within 30 days after the “ effective date of such cancellation ” unless the Commissioner advises the insurer that the policy has been replaced, or where the insured has surrendered his license plates and delivers to the insurer a copy of the surrender notice before the termination became effective.
Under section 347, a distinct liability attaches to the insurance carrier who has previously certified insurance to advise the Motor Vehicle Commissioner that it is withdrawing the certified insurance. As a sanction to induce carrier compliance and for public protection, the certified insurance cannot be terminated unless the Commissioner gets at least a 10-day period to act. This statute does not .refer to a notice 30 days after an effective date of cancellation, as does section 313. It has a clear mandate : the insurance is not terminated until at least 10 days after the insurer’s filing of notice in the office of the Commissioner.
While the two statutes have a certain artlessness in their juxtaposition, their impact is nonetheless clear. The State is interested in automobile insurance protection for motorists and pedestrians alike. Carriers can terminate coverage where they are able, and they should then notify the Commissioner within 30 days of the effective date they set for cancellation. But no matter what they do under section 313, they do not come off their liability to third parties until at least 10 days after they file in the office of the Commissioner because of section 347.
Sound policy arguments support the sanction of section 347. If carriers could freely cancel policies without having to notify the State, the State would be limited in effectively removing uninsured vehicles from the roads, thereby exposing the public to dangers which the insurance requirements are intended to prevent. The public interest demands that filing be completed before automobile insurance can be terminated, thus enabling the State to take authorized measures to safeguard the public.
An excellent summation of the applicable provisions appears in D’Andrea v. Allstate Ins. Co. (58 Misc 2d 426); cf. Pitts v. Travelers Ins. Co. (59 Misc 2d 142), holding notice to the Commissioner under section 347 to be vital. In Perez v. Hartford Acc. & Ind. Co. (31 A D 2d 895,, affd. without opinion 26 N Y 2d *88 625) a policy was canceled in March, the Motor Vehicle Commissioner notified in June, and an accident happened in August. In holding the failure to notify the Commissioner wíijhin 30 days did not invalidate the termination because of section 313, the court specifically stated: ‘ ‘ inasmuch as the accident occurred more than ten days after the filing of the FS-4 with the Department of Motor Vehicles, the plaintiff does not come within the protection afforded by the provisions of section 347 ” (p. 896).
Murry v. Allstate Ins. Co. (16 A D 2d 958) and Kyer v. General Cas. Co. (14 A D 2d 649) simply pass on the applicability of section 313 and conclude notification under section 313 is not a condition precedent to termination. However, in neither instance does it appear that the applicability of section 347 was raised or passed upon.
Turning these principles to the case at hand, the court holds that because of section 347, the defendant New Hampshire Insurance Company is the responsible carrier. An automobile accident on November 24, 1967 involved two vehicles,, one of Craine, the other of Kremen, and the Craines are now suing Kremen. The Craine vehicle was covered by an insurance policy of the Travelers Insurance Company, which included losses caused by uninsured motorists. The Kremen vehicle had been insured by the defendant New Hampshire Insurance Company, which now claims that it had canceled the Kremen policy as of October 10, 1967, some six weeks before the accident. It therefore has disclaimed coverage. This litigation then ensued to determine whether New Hampshire is to be responsible for defending Kremen against any liability to the Craines.
It is undisputed that on September 26, 1967 New Hampshire sent a notice of cancellation by certified mail to Kremen at the address he had given in his application for the policy. It is also undisputed that Kremen voluntarily surrendered his automobile license plates on December 13,1967.
New Hampshire .offered no proof that it filed any notice in the office of the Motor Vehicle Commissioner, other than a recitation of the ordinary course of its business. However, there was no proof the ordinary course was followed in this case. The burden of establishing the mailing of the notice is on the insurer. (De Persia v. Merchants Mut. Cas. Co., 268 App. Div. 176, affd. 294 N. Y. 708; Caprino v. Nationwide Mut. Ins. Co., 34 A D 2d 522.) Moreover, it was proved that no notice was on file in the Department of Motor Vehicles. New Hampshire’s real point of reliance is that filing in the Commissioner’s office is not required *89 for policy termination, and as to this, the court finds, as explained above, that section 347 of the Vehicle and Traffic Law requires a contrary result.
No separate requests for findings of fact have been made. This constitutes the decision of the court pursuant to CPLR 4213. Settle judgment on notice.