GOVERNMENT EMPLOYEES INSURANCE COMPANY, Respondent, *v.* RALPH P. MIZELL et al., Defendants; JOYCE V. SWOTA et al., Appellants. (Action No. 1.)

GOVERNMENT EMPLOYEES INSURANCE COMPANY, Respondent, *v.* UTICA MUTUAL INSURANCE COMPANY, Appellant. (Action No. 2.)

Fourth Department, May 20, 1971.

*Johnson, Reif & Mullan* (*Thomas Farrell* of counsel), for Joyce V. Swota and others, appellants.

*Culley, Marks, Corbett, Jordan, Tanenbaum & Reifstock* (*William Marks* of counsel), for Geraldine DeLucia, defendant.

*Winchell, Connors & Corcoran* (*Charles A. Hall* of counsel), for respondent.

*Per Curiam.* The judgment appealed from declared that plaintiff canceled its liability policy insuring defendant Ralph Mizell against liability before his automobile collided with an automobile owned by defendant-appellant Swota and that, therefore, it did not afford insurance protection to Mizell or anyone else arising out of the accident occurring on November 22, 1965.

Plaintiff notified Mizell on October 26, 1965 that his policy was to be canceled on November 6, 1965 for failure to pay the premium thereon. Cancellation notices must be mailed in strict accordance with the applicable statutes, must allow a set time before the effective date of cancellation, and must contain all

information required by the statute. (*Matter of Otterbein* v. *Babor & Comeau Co.*, 272 N. Y. 149; *B. & B. Trucking* v. *Home Fire & Mar. Ins. Co.*, 125 Misc. 312, 314, affd. 216 App. Div. 710, affd. 243 N. Y. 558; 3 Richards, Insurance [5th ed.], § 531, p. 1761; 30 N. Y. Jur., Insurance, § 730, pp. 79–80.) Literal compliance with the provisions of the policy and statutes is the rule and any ambiguity in language is strictly construed against the insurer. (29 N. Y. Jur., Insurance, § 270, p. 258; *B. & B. Trucking* v. *Home Fire & Mar. Ins. Co., supra*; *National Factors* v. *Waters*, 42 Misc 2d 822, 829; *Monette* v. *Nationwide Mut. Ins. Co.*, 230 N. Y. S. 2d 939.)

The policy was issued pursuant to the provisions of New York's Assigned Risk Plan (Insurance Law, § 63) which provides in subdivision 2 of section 18 that the insurer may cancel the insurance by giving notice as required by law if the insured " (d) fails to pay any premium due under the policy ". Subdivision 4 of section 18 of the plan expressly provides that notice of cancellation shall be in conformity with the Vehicle and Traffic Law and section 19 provides that " each notice of cancellation, or denial of insurance, shall contain or be accompanied by a statement that the insured or applicant has the right to review of such action by the Governing Committee of the Plan ". The applicable section of the Vehicle and Traffic Law, section 313, requires that 10 days' notice be given before the cancellation becomes effective. The notice of cancellation complied with the time provision in section 313 of the Vehicle and Traffic Law. However, the notice was defective in that it failed to comply with the express provisions of section 19 of the Assigned Risk Plan. No mention was made of insured's right to appeal. In fact, the notice implies that no such right exists where cancellation is based on the failure to pay premiums. Respondent's failure to comply strictly and literally with this express policy provision renders its attempted cancellation nugatory, and, therefore, the policy continued in effect on the date of the accident. (*Teeter* v. *Allstate Ins. Co.*, 9 A D 2d 176, 181, affd. 9 N Y 2d 655; *Connecticut Fire Ins. Co.* v. *Williams*, 9 A D 2d 461; *Stone* v. *Travelers Ins. Co.*, 40 Misc 2d 164, 169–170.) The fact that the rules and provisions of the Assigned Risk Plan were drafted and adopted by the insurance companies themselves lends even further support to the requirement that they be complied with. (See, e.g., 29 N. Y. Jur., Insurance, § 270, p. 258.) Respondent was also required to comply with section 347 of the Vehicle and Traffic Law which provides that once an automobile policy has been issued and certified, it shall not be canceled

or terminated until at least 10 days after a notice of cancellation or termination of the insurance shall be filed in the office of the Commissioner of Motor Vehicles. Respondent's notice to the Commissioner (form FS-4) was not mailed until December 1, 1965. Accordingly, cancellation could not have been effective until December 11, 1965 at the earliest. (*Craine* v. *New Hampshire Ins. Co.,* 64 Misc 2d 86; *Pitts* v. *Travelers Ins. Co.,* 59 Misc 2d 142; *D'Andrea* v. *Allstate Ins. Co.,* 58 Misc 2d 426.)

The judgment insofar as it upholds the validity of the notice of cancellation cannot be sustained.

The trial court also found that defendant Mizell breached the provisions of the policy by failure to give timely notice of the accident. Respondent first received notice of the accident on March 30, 1966. It did not disclaim liability until June 7, 1966, when in a letter to attorneys for an injured party, it denied coverage on the sole ground that the policy had been canceled and it did not mail notice of disclaimer to its insured and injured parties as required by subdivision 8 of section 167 of the Insurance Law until August 29, 1967. This disclaimer, served over 22 months after the accident occurred, 18 months after respondent first received notice of the accident, and 2 months after the summons and complaint were served, failed to comply with the Insurance Law requirements of "written notice as soon as is reasonably possible" (Insurance Law, § 167, subd. 8). Accordingly, the disclaimer was ineffective and cannot form the basis for respondent's denial of liability under the policy (2 NY PJI 4:79 and Comment, p. 1055 *et seq.*).

The judgment should be reversed and judgment granted declaring that the insurance coverage was not terminated before the accident and that respondent waived its right to disclaim liability and is required to defend its insured in the actions arising out of the November 22, 1965 accident.

DEL VECCHIO, J. P., WITMER, GABRIELLI, CARDAMONE and HENRY, JJ., concur.

Judgment unanimously reversed on the law and facts with costs and judgment entered in favor of defendants in accordance with the *Per Curiam* opinion.