Bernard F. McCaffrey, J.
The threshold issue to be determined in this special proceeding, concerning insurance coverage, is whether under the assigned risk plan of the State of New York an insurance carrier must give at least 20 days’ notice of cancellation even where the cancellation is based upon nonpayment of premium by the insured.
The petitioner contends, by virtue of the assigned risk plan adopted by the Department of Insurance pursuant to statute, that in the case of a driver whose insurance coverage is assumed by a carrier not voluntarily, but because of the requirement of the assigned risk plan, the plan itself sets the time limit. The time in accord with section 18 of the assigned risk plan is set at 20 days. Respondent controverts this position and argues that the assigned risk plan requires that notice of cancellation shall be in conformity with the Vehicle and Traffic Law, and specifically section 313 of the Vehicle and Traffic Law, which in part provides: "except where the cancellation is for non-payment of premium in which case ten days notice of cancellation by the insurer shall be sufficient.”
Thus, in this instance, the Travelers Indemnity Co. (Travelers) issued an assigned risk automobile policy to one Hugh A. Hoade, covering the period from March 28, 1974 to March 28, 1975. On November 29, 1974, an accident occurred between the car so insured, owned and operated by Hoade, and a car owned by Herman Meyer and operated by his wife Dorothy Meyer, insured by American Empire Insurance Company (American Empire).
After the accident, both American Empire, and an attorney representing the Meyers, wrote to the Department of Motor Vehicles at Albany, and were each separately informed that Hoade was covered by the Travelers policy.
Attorneys for Meyers and for other claimants wrote to Travelers to establish their claims. Travelers replied that it had canceled Hoade’s policy by notice to him dated October 29, 1974, with a stated effective date of November 13, 1974, 15 days later, for nonpayment of "additional premium”. The Meyers thereupon sought arbitration of their claim for uninsured motorist benefits, under their American Empire policy, which provided for payment to Meyers if they sustained injury *162 as a result of the negligence of a motorist who was uninsured at the time of the accident.
American Empire brought the present petition for a stay of such arbitration on the ground that the cancellation notice, served only 15 days prior to its purported effective date, is insufficient as a matter of law.
The New York assigned risk policy continues in full force and effect if the insurer fails to comply with the relevant provision of the assigned risk plan in terminating the policy, and if the insurer is unable to demonstrate that it properly notified the insured of the action taken on the policy, it would remain liable. (Capra v Lumbermens Mut. Cas. Co., 31 NY2d 760.) Thus, the resolution of the issue of coverage in the instant matter revolves upon a determination as to whether under the assigned risk plan a notice of cancellation for nonpayment requires 20 days’ mailing of cancellation, or whether it requires 10 days’ notification.
The policy herein was issued in accord with the provisions of the New York Automobile Insurance Plan adopted pursuant to section 63 of the Insurance Law, which provides for an assigned risk plan. The insurers licensed to write motor vehicle insurance in this State, as provided in the statute, are consulted and participate in the formulation of the plan prior to its promulgation.
Included in the plan under section 18, entitled "Cancellation”, is subdivision 2, which states in part:
"An insurer which has issued a policy or binder under this Plan shall have the right to cancel the insurance by giving notice as required in the policy or binder, if the insured * * *
"(d) has failed to pay any premiums due under the policy.”
Thereafter, in section 18 is provided under subdivision 4, relative to the notice of cancellation by insurer, the following: "A statement of facts for each such cancellation shall be furnished to the Plan, to the producer of record and to the insured and except in the case of cancellation for non-payment of premium, to the Superintendent of Insurance, twenty days prior to the effective date of cancellation. Notice of cancellation shall be in conformity with the Vehicle and Traffic Law and shall be effective on the date specified and coverage shall cease on such date”.
Thus, section 18 clearly provides for a 20-day notice of cancellation, and the exception pertaining to cancellation for *163 nonpayment of premium relates only to service on the Superintendent of Insurance.
The insurance policy was not submitted to the court for its consideration; however, in any event, subdivision 4 of section 18, providing for a 20-day notice of cancellation is controlling. As to the argument that this section specifies that the notice shall be in conformity with the Vehicle and Traffic Law, this latter statement relates solely to the contents and subject matter of the notice per se, and not to the time for actually serving the notice of cancellation.
The respondents have argued that the phrase contained in subdivision 4 of section 18 of the New York Automobile Insurance Plan — "Notice of cancellation shall be in conformity with Vehicle and Traffic Law” — necessitates the application of time limits specified in section 313 of the Vehicle and Traffic Law, and that 10 days’ notice is sufficient.
Section 313 of the Vehicle and Traffic Law provides in part —"No contract of insurance * * * shall be terminated or cancelled by the insurer * * * until at least twenty days after mailing to the named insured * * * a notice of termination, except where the cancellation is for non-payment of premiums in which case ten days notice of cancellation by the insurer shall be sufficient”.
The contention of the respondents that 10 days’ notification prior to cancellation for nonpayment of premium as provided in the Vehicle and Traffic Law is applicable in the instant matter, is without merit. The statute, through the use of the phrase at least, has mandated the minimum time requirement for informing the insured that his or her insurance is to be terminated. However, there is no prohibition to affording the insured additional time for notification by the insurer as they have provided in the New York Automobile Insurance Plan to the extent of 20 days. As previously noted, it is the insurance industry that makes recommendations concerning the plan to the Superintendent of Insurance, and they are previously consulted on provisions, such as the 20-day cancellation notification. Additionally, the purpose of the assigned risk plan as stated in section 63 of the Insurance Law is to give insurance coverage to those applicants, who are in good faith entitled to, but are unable to procure insurance through ordinary methods. Apparently, in furtherance of the afore-mentioned purpose recognizing the problems of individuals in the assigned risk plan, there has been extended to them an additional time *164 allowance of 20 days prior to the cancellation for nonpayment, as opposed to the minimum requirement of 10 days as provided in section 313 of the Vehicle and Traffic Law.
Furthermore, literal compliance with provisions of the policy and statutes regarding notice of cancellation is the rule, and any ambiguity in language is strictly construed against the insurer. (Government Employees Ins. Co. v Mizill, 36 AD2d 452.)
This court finds that the notice to be afforded an insured who has obtained coverage under' the New York Insurance Plan (assigned risk plan) is entitled to 20 days’ notice of cancellation under all factors warranting cancellation thereunder, including nonpayment of premium.
Therefore, the court concludes that the 15 days’ notice provided by the respondent, Travelers, was ineffective to cancel the policy of Mr. Hoade, and, therefore, he was covered under the Travelers policy at the time of the accident. Petitioner’s application for a stay of arbitration is granted.