■ In the Matter of the Arbitration between AMERICAN EMPIRE INSURANCE COMPANY, Respondent, and DOROTHY MEYER et al., Respondents, and TRAVELERS INSURANCE COMPANY, Appellant.—In a proceeding to stay arbitration, the Travelers Insurance Company appeals from an order of the Supreme Court, Nassau County, entered October 18, 1976, which, *inter alia,* granted the application. Order reversed, on the law, with $50 costs and disbursements, application denied, and the parties are directed to proceed to arbitration. Appellant, Travelers Insurance Company, canceled an insurance policy issued under New York's assigned risk plan due to nonpayment of premiums. A notice of cancellation was served 15 days prior to its effective date. The petitioner, American Empire Insurance Company, maintained at Special Term that the notice of cancellation was ineffective because it was served 15 rather than 20 days prior to its effective date. We hold that the assigned risk plan does not require 20 days' notice of cancellation when cancellation is due to nonpayment of premiums and that 10 days' notice of cancellation is sufficient (Vehicle and Traffic Law, § 313; NY Assigned Risk Plan, § 18, subd 4; cf. *Government Employees Ins. Co. v Mizell,* 36 AD2d 452). Hopkins, Acting P. J., Latham, Damiani and Hawkins, JJ., concur. [87 Misc 2d 160.]

■ In the Matter of GEORGE E. BRIGGS, Petitioner, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents.—Proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the respondent New York City Transit Authority, dated October 23, 1975, which, after a hearing, sustained charges of misconduct against petitioner and dismissed him from his position as a transit patrolman. Determination confirmed and proceeding dismissed on the merits, without costs or disbursements. We find that the transit authority established the charges against petitioner by substantial evidence (see *Matter of Pell v Board of Educ.,* 34 NY2d 222). Hopkins, Acting P. J., Latham, Damiani and Rabin, JJ., concur.

■ In the Matter of CALCAGNI CONSTRUCTION Co., INC., Respondent, v ZONING BOARD OF APPEALS OF THE TOWN AND VILLAGE OF HARRISON, Appellant.—In a proceeding pursuant to CPLR article 78 to review appellant's determination, dated February 2, 1976 and made after a hearing, which denied petitioner's application for a zoning variance, the appeal is from a judgment of the Supreme Court, Westchester County, entered August 27, 1976, which (1) granted the application, (2) annulled the determination and (3) directed the issuance of a building permit to the petitioner. Judgment reversed, on the law, without costs or disbursements, and petition dismissed. The petitioner was using the subject premises as a station to store, repair and service its construction and earth moving equipment at the time of the enactment of a 1974 zoning ordinance which prohibited such use and rezoned the premises into a professional business (PB) zone. Petitioner may not now remodel or reface the premises for the establishment of an automobile service station, also a nonconforming use, without demonstrating unnecessary hardship (see *Matter of Otto v Steinhilber,* 282 NY 71, 76). A new nonconforming use may not be substituted for an existing nonconforming use despite its generic similarity to such existing use. Hopkins, Acting P. J., Latham, Damiani and Hawkins, JJ., concur.