OPINION OF THE COURT
David T. Gibbons, J.
By its petition herein Lion Insurance Company seeks a permanent stay of arbitration demanded by the claimant-respondent, Robin Walowitz, under the uninsured motorist provisions of the liability insurance policy issued by petitioner to its insured, Crown Service Corp., covering its 1974 Checker taxicab.
The claimant alleges that, while riding as a passenger in said taxicab on January 8, 1976, she was injured in an accident when the taxicab was cut off by a Ford sedan owned by Bernard King and operated by his wife, Rosalyn King.
The claimant contends that the Ford sedan was not insured at the time of the accident and for that reason she is entitled to the benefits provided by the uninsured motorist provisions of the policy issued by petitioner to Crown Service Corp.
The injunctive relief sought by the petitioner is based upon the claim that the Ford sedan was, in fact, insured by the corespondent, Government Employees Insurance Company (GEICO), at the time of the occurrence under a premium finance agreement between King Premium Service Corporation and Bernard King.
Respondent GEICO admits having issued a policy of liability insurance to Bernard King, the owner of the Ford sedan, but claims that coverage thereon had been terminated for nonpayment of premium, by King Premium Service Corp., by the mailing of a cancellation notice, dated March 5, 1975, effective on March 20, 1975.
The petitioner contends that the insurance policy issued by the respondent, GEICO, upon the Ford sedan was in full force and effect on the date of the accident because the notice of cancellation failed to comply with the type size mandated for the notice of financial responsibility therein under both section 576 (subd 1, par [c]) of the Banking Law, which applies to cancellation by a premium finance company, and the general provision pertaining to type size therefore under subdivision 1 of section 313 of the Vehicle and Traffic Law; the respondent *485 failed to establish compliance with section 167-a of the Insurance Law insofar as the same pertains to proof of mailing the notice of cancellation; and the premium finance agreement was not made in accordance with the provisions of section 567 of the Banking Law as to type size and that Rosalyn King lacked authority to enter into such agreement on behalf of her husband, Bernard King.
Based upon the credible testimony of the witnesses and the papers received in evidence the court determines as follows:
With respect to the question presented as to whether the notice of maintenance of financial responsibility contained in the subject notice of default and cancellation complies with the size of print mandated by law, reference to section 576 (subd 1, par [c]) of the Banking Law required that such notice be "in type of print of which its face shall not be smaller than twelve point”, and subdivision 1 of section 313 of the Vehicle and Traffic Law requires such notice to be in "type of which the face shall not be smaller than twelve point”.
For all intents and purposes the Legislature intended that the size of the print of the notice of maintenance of financial security to be set forth in the cancellation notice be the same whether sent by an insurance company pursuant to subdivision 1 of section 313 of the Vehicle and Traffic Law, or by a premium finance company pursuant to section 576 of the Banking Law. Both statutes are in pari materia and may be read together (Pitts v Travelers Ins. Co., 59 Misc 2d 142).
After hearing the differing expert opinions as to the meaning of the term "face” of type as it is used in these enactments, the court finds that the "face” of type is that portion of the type upon which ink is applied and which makes the printed impression upon the page, as was considered and applied in Nassau Ins. Co. v Lion Ins. Co. (89 Misc 2d 982, 983-984) and that the term "point” is a standard of measuring print under which 72 points plus .004 of an inch equals one exact inch, 12 points equal 1 pica, and by such measurements, 6 picas equal one inch.
The petitioner’s expert testified that, when he measured the starting words of the pertinent notice, "Proof of financial security is required”, by measuring the face of the type, he concluded that the capital "P” was 7 points and the lower case letters were 6 points.
The respondent’s expert testified, on the other hand, that the term, "face” of type, is a designation of the different styles *486 of type under different names given by the foundry which makes the specific type and that "type size” is measured from the highest point of an ascending letter to the lowest point of a descending letter on the same line, and that, by this mode of measuring, the required notice herein is printed in 12 point type size.
The use of the word, "face” in the phrase, "type or print of which its face shall not be smaller than twelve point”, in section 576 (subd 1, par [c]) of the Banking Law, and "type or print of which its face shall not be smaller than twelve point” as provided in subdivision 1 of section 313 of the Vehicle and Traffic Law are words which, it may be presumed, were known to and understood by the Legislature when the statutes were enacted.
Although printers may differ as to the meaning of the term, "face” of type, if it were the legislative intent that the measurement be based on type size computed from the top of an ascending letter to the bottom of a different descending letter on the line, rather than a measurement of the "face” of a single letter computed from its top to its bottom, the Legislature would have so provided. The obvious legislative purpose was to provide an emphatic warning to the insured, and the language it selected was to establish a minimum size of the print to be utilized.
The "face” of the printed letters contained in the notice of financial security on the subject notice of default and cancellation are "smaller than twelve point” within the meaning of section 576 (subd 1, par [c]) of the Banking Law and subdivision 1 of section 313 of the Vehicle and Traffic Law and, therefore, insufficient to constitute a valid cancellation of respondent’s insurance policy.
It is the declared policy of this State that, to be effective, a cancellation of an automobile liability policy must be perfected in strict compliance with the applicable statutes (Messing v Nationwide Mut. Ins. Co., 42 AD2d 1030).
Here, as above demonstrated, there has not been strict compliance with the statutory demands pertaining to the size of print in the notice of cancellation; Rosalyn King had the authority to enter into the premium finance agreement on behalf of her husband, Bernard King; the agreement was in compliance with section 567 of the Banking Law as to form, content and execution; and the policy issued by the respondent, GEICO, to Bernard King, owner of the Ford sedan, was *487 in full force and effect on the date of the occurrence. In view of the foregoing it is not necessary to consider the other alleged deficiencies advanced by the petitioner.
Accordingly, the petition is granted, the stay of arbitration is made permanent, and respondent GEICO is directed to defend its insured.
In concluding, the court makes the observation that in fixing the minimum size of the print to be used in various parts of a premium finance agreement under section 567 of the Banking Law, the Legislature mandated print "in at least eight point type” in subdivision 1, "in at least ten point bold type” in paragraph (a) of subdivision 2, and "in at least eight point bold type” in paragraph (b) of subdivision 2, and that petitioner’s printing expert did concede, that with respect to size of print, "There is a difference between the face and actual type size”.
Although a different statutory norm is to be used in measuring the print in a premium finance agreement under the Banking Law, this court, in determining the validity of the instant cancellation notice, is bound to make such determination in accordance with the norm for the measurement of the "face” of print as provided for in section 576 of the Banking Law and section 313 of the Vehicle and Traffic Law.
Any seeming difference in the statutory method of measuring the minimum size of print in various insurance documents and the need for a uniform formula is a matter of legislative concern.