■ TOWN OF AURORA, Appellant, v THOMAS S. KRANZ et al., Respondents. — Judgments unanimously reversed, on the law and the facts, without costs, and plaintiff entitled to judgment enjoining defendants from conducting "mud races" on their premises and from using certain premises purchased after January 1, 1955 for a camp, in accordance with the following memorandum. Plaintiff town appeals from judgments following a nonjury trial dismissing its complaint in this action which seeks to enjoin defendants from conducting "mud races", a private summer camp for girls and any other commercial operations on certain land zoned for residential or agricultural purposes under the town's zoning ordinance which became effective on January 1, 1955. The land in question consists of parcels denoted on an assessor's map received in evidence as 18, 21, 24, 25, 26, 29 and 33. The record shows that prior to January 1, 1955 Camp Long Acres, Inc., conducted the camp on parcels 18, which it owned, and 33, which it had permission to use. Defendant Thomas S. Kranz purchased parcel 24 in September, 1955, parcel 33 in 1967 and parcels 25, 26 and 29 after 1970, and thereafter conveyed parcel 33 to Long Acres, which he now owns. Parcel 21 was owned by his father prior to 1955. Before the effective date of the zoning ordinance, Long Acres used lot 33 for the recreational activities of the campers and each year on one day in July and August conducted a rodeo and a judged horse show on this parcel in which the girl campers were the only participants. Newspaper and other advertisements invited the public to attend at a nominal admission charge. Since 1972 Kranz has conducted "mud races" on this parcel on one day in the spring and fall of each year. "Mud races" are a time-trial event involving various types of motor vehicles which singly race over a designated natural-terrain course. This event recently attracted approximately 5,000 people at a $5 admission fee. ¶ Defendants conceded that the conduct of the "mud races" is a commercial activity which violates the zoning ordinance, but contended that the horse shows, rodeos and other activities which were held on parcel 33 prior to 1955 were commercial in nature and a recreational use of the premises for profit, the same as the "mud races". As such they argued that they are merely continuing a permitted nonconforming use of parcel 33. In dismissing the complaint, the trial court concluded that "mud races" constitute a "nonconforming recreational use of the premises" and that "[w]hether or not it was the same recreational purpose is immaterial as long as it was in fact used for recreational purposes of one kind or another." ¶ We disagree. The horse shows and other activities were uses of parcel 33 accessory or incidental to the principal use as a summer camp, which was the only valid nonconforming use of the property in existence on the effective date of the ordinance. These events were conducted as part of the camp's operation and for the benefit of the campers. Parcel 33 continues to be used principally as part of the camp operation, and "mud races" are held there two days out of the year. Unlike the horse shows, etc., however, the "mud races" are neither connected with the camp's operation nor customarily incidental and subordinate to the property's principal use as a camp, and thus cannot be classified as an accessory use of the land. The races are an additional nonconforming use of the property which did not begin until long after the effective date of the zoning ordinance. Furthermore, they differ in nature and character from the horse shows, since they are mechanized, noisy and environmentally disrupting, are participated in by members of the general public, attract numerous spectators and create previously unknown traffic congestion problems. There is simply no identity between the "mud races" and the horse shows which were held on the premises prior to 1955 (see

*Garcia v Holze,* 94 AD2d 759, 760; *Matter of Calcagni Constr. Co. v Zoning Bd. of Appeals,* 56 AD2d 845; cf. *People v Perkins,* 282 NY 329, 330). The "mud races", whether viewed as an unauthorized accessory use or as an improper extension or change of a valid nonconforming use, violate the zoning ordinance. In sum, defendants did not meet their conceded burden of establishing the conduct of "mud races" as a prior nonconforming use. ¶ With respect to the remaining relief sought by the town to enjoin defendants from using premises purchased after January 1, 1955 for a camp or any other commercial operations, the trial proof establishes that parcels 21, 24, 25, 26 and 33 are now used in connection with the conduct of the girls' camp, and that of this land only parcel 33 was so used on January 1, 1955. Parcels 24, 25 and 26 were acquired after that date and defendants failed to establish the prior valid nonconforming use of these parcels for the girls' camp. Consequently, their use for such purpose is hereby enjoined. There is no evidence that other commercial operations are conducted on the land and the request for injunctive relief in this connection is denied. (Appeals from judgment and amended judgment of Supreme Court, Erie County, Ricotta, J. — dismiss complaint.) Present — Dillon, P. J., Denman, Boomer, Green and Schnepp, JJ.