Fourth Division
June 10, 2010

No. 1-08-3169

AMERICAN HOME ASSURANCE COMPANY,           )       Appeal from the
                                            )       Circuit Court of
                Plaintiff,                  )       Cook County.
                                            )
v.                                          )
                                            )
NORMAN L. TAYLOR, SEAMUS E. KEENAN,         )
KATHLEEN KEENAN, PRO MED PARAMEDIC          )
SERVICES, LLC, MIDWEST MEDICAL, INC., d/b/a )
ADVANCED AMBULANCE, f/k/a PRO MED           )
PARAMEDIC SERVICES, NATIONAL LIABILITY      )
AND FIRE INSURANCE COMPANY, and ACUITY      )
INSURANCE COMPANY,                          )
                                            )
                Defendants                  )
                                            )
(Acuity Insurance Company,                  )       06 CH 21355
                                            )
                Cross-Plaintiff-Appellant;  )
                                            )
National Liability and Fire Insurance Company, )
                                            )
                Cross-Defendant-Appellee;   )
                                            )
American Home Assurance Company, PRO MED    )
PARAMEDIC SERVICES, LLC, Midwest Medical, Inc., )
d/b/a Advanced Ambulance, f/k/a Pro Med Paramedic, )
Services Norman L. Taylor, Seamus E. Keenan, and )
Kathleen Keenan,                            )       Honorable
                                            )       William O. Maki,
                Defendants).                )       Judge Presiding.


        JUSTICE NEVILLE delivered the opinion of the court:

        This declaratory judgment action involves a dispute between insurance companies insuring

different parties in a collision involving a car and a medical transport van. National Liability and Fire Insurance Company (National), which issued the policy covering the van, claimed that the policy had been cancelled before the accident. Acuity Insurance Company (Acuity), which issued the policy covering the car, a policy that included an uninsured motorist provision, sought a judgment declaring that National's insurance remained in force because National failed to comply with the notice provisions in the Insurance Code (215 ILCS 5/I *et seq*. (West 2006)) for cancelling insurance on medical transport vehicles. The trial court granted National's motion for summary judgment. We reverse because we find that the notice provisions in the Insurance Code required National to send the Illinois Secretary of State notice of cancellation of the insured's policy.

## BACKGROUND

National issued a general liability policy to Pro Med Paramedic Services (Pro Med) in 2005. The policy included coverage for Pro Med's vehicles. To purchase the policy, Pro Med obtained a premium financing loan from First Insurance Funding Corporation (First Insurance). Pro Med agreed to give First Insurance a power of attorney authorizing First Insurance to cancel the policy if Pro Med failed to make timely payments on the loan. When Pro Med failed to make the payment due in March 2006, First Insurance sent Pro Med notice that First Insurance would cancel the policy unless First Insurance received a payment within 10 days. Pro Med failed to make the payment. First Insurance sent notice to National cancelling the policy as of April 4, 2006. Despite the cancellation, Pro Med continued to operate its vehicles on Illinois's roads.

On June 6, 2006, about two months after the date shown on First Insurance's notice of cancellation, a Pro Med van, driven by Norman Taylor, collided with a car driven by Seamus

Keenan. Keenan and his wife, Kathleen, had automobile insurance issued by Acuity. Keenan sued Taylor and Pro Med to recover for Keenan's injuries. American Home Assurance Company (American Home), which insured Taylor's personal car, initiated this lawsuit by filing an action for a judgment declaring that it had no duty to defend Taylor against Keenan's lawsuit. American Home named both Acuity and National as defendants. The trial court entered a judgment in favor of American Home on its complaint. American Home's judgment is not at issue in this appeal.

Acuity filed a cross-claim for a judgment declaring that it owed Keenan no coverage under the uninsured motorist provision of its policy. National responded that it owed Pro Med no coverage because First Insurance cancelled the policy National issued to Pro Med. Without National's insurance, no insurance covered the van, so Acuity, according to National, owed Keenan coverage under the uninsured motorist provision of its policy.

National admitted, in its answers to discovery, that it did not notify the Illinois Secretary of State of the cancellation of its policy. Acuity moved for summary judgment on its cross-claim, arguing that the lack of notice to the Secretary of State rendered the purported cancellation ineffective. National also moved for summary judgment, contending that it had no duty to notify the Secretary of State of the cancellation. The trial court granted National's motion for summary judgment and denied Acuity's motion for summary judgment. Acuity now appeals.

ANALYSIS

"Summary judgment is proper where the pleadings, depositions, affidavits and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Pajic v. Old Republic Insurance Co., 394 Ill. App. 3d 1040, 1043

(2009). This appeal presents a question of statutory construction. "Questions of statutory construction and the satisfaction of statutory requirements are questions of law properly decided on a motion for summary judgment. [Citation.] We review *de novo* an order granting summary judgment, without any deference to the judgment of the circuit court." Pajic, 394 Ill. App. 3d at 1043.

In construing statutes, we strive to give effect to the intent of the legislature. American Country Insurance Co. v. Wilcoxon, 127 Ill. 2d 230, 238 (1989). "Courts should first look to the statutory language as the best indication of the intent of the drafters." Wilcoxon, 127 Ill. 2d at 238. However, "[i]t is a basic axiom of statutory construction that in determining the intent of the legislature, a court may properly consider not only the language of the statute, but also 'the reason and necessity for the law, the evils sought to be remedied, and the purpose to be achieved.' " Wilcoxon, 127 Ill. 2d at 239, quoting Stewart v. Industrial Comm'n, 115 Ill. 2d 337, 341 (1987), and citing City of Springfield v. Board of Election Commissioners, 105 Ill. 2d 336, 341 (1985).

Acuity claims that the Insurance Code requires notice to a governmental agency, the Illinois Secretary of State, when a premium finance company cancels insurance for medical transport vehicles. See 215 ILCS 5/513a11(d) (West 2006). Acuity relies on the Illinois Vehicle Code (625 ILCS 5/1-100 *et seq.*), which requires special proof of insurance for medical transport vehicles. 625 ILCS 5/8-101.1, 8-102 (West 2006). Acuity points out that insurance policies covering medical transport vehicles "shall *** contain a provision that the same cannot be cancelled by the company issuing it without giving ten days notice in writing of such cancellation to the owner and the Secretary of State." 625 ILCS 5/8-110 (West 2006). According to Acuity, that restriction "shall apply" where the premium finance company attempts to cancel an insurance policy. 215 ILCS

1-08-3169

5/513a11(d) (West 2006).

National relies on subsections (1) and (2) of section 8-110 of the Vehicle Code, which provide as follows:

> "Cancellation of insurance policy--Notice. 1. In the event said policy of insurance be cancelled by the issuing company, or the authority of said issuing company to do business in the State of Illinois be revoked, the Secretary of State shall require the owner who filed the same either to furnish a bond or to replace said policy with another policy according to the provisions of this Act.
>
> 2. Said policy of insurance shall also contain a provision that the same cannot be cancelled by the company issuing it without giving ten days notice in writing of such cancellation to the owner and the Secretary of State." 625 ILCS 5/8-110 (1), (2) (West 2006).

National argues that the Vehicle Code does not apply in this case because the Vehicle Code applies only when the policy is cancelled by the insurer issuing the policy, and here the premium finance company cancelled the policy. According to National, the Vehicle Code requires the insurer to notify the Secretary of State when the insurer cancels the policy, but neither the insurer nor the premium finance company needs to notify the Secretary of State when the premium finance company cancels the policy.

While the Insurance Code contains two sections that specifically require that notice of cancellation be provided to government agencies when a premium finance company cancels the

policy (215 ILCS 5/143.14(d); 513a11 (West 2006)), we rely on section 513a11. Subsections (a) and (d) of section 513a11 of the Insurance Code provide:

"(a) When a premium finance agreement contains a power of attorney enabling the premium finance company to cancel any insurance contract or contracts listed in the premium finance agreement, the insurance contract or contracts shall not be cancelled by the premium finance company unless the request for cancellation is effectuated under this Section.

\* \* \*

(d) All statutory \*\*\* restrictions providing that the insurance contract may not be cancelled unless notice is given to a governmental agency \*\*\* shall apply where cancellation is effected under provisions of this Section. The insurer shall give the notice to any governmental agency \*\*\* on or before the fifth business day after it receives the notice of cancellation from the premium finance company." 215 ILCS 5/513a11 (West 2006).

We note that subsection (2) of section 8-110 of the Vehicle Code provides that a policy of insurance shall contain a provision that the policy cannot be cancelled by the company issuing it without giving 10 days notice to the Secretary of State. 625 ILCS 5/8-110(2) (West 2006). Thus, when we construe subsection (2) of the Vehicle Code with section 513a11 of the Insurance Code, it is clear that the cancellation of an insurance policy by a premium finance company does not take effect if the insurer fails to give notice to the Secretary of State. 625 ILCS 5/8-110(2); 215 ILCS 5/513a11(a)(d) (West 2006); see also Pitts v. Travelers Insurance Co., 59 Misc. 2d 142, 144, 298 N.Y.S.2d 209, 211

1-08-3169

(1969).

This court "presumes that the legislature intended that two or more statutes which relate to the same subject are to be read harmoniously so that no provisions are rendered inoperative." Knolls Condominium Ass'n v. Harms, 202 Ill. 2d 450, 458-59 (2002), citing Henrich v. Libertyville High School, 186 Ill. 2d 381, 391-92 (1988). In addition, "statutes relating to the same subject must be compared and construed with reference to each other so that effect may be given to all the provisions of each if possible." Harms, 202 Ill. 2d at 459, citing Henrich, 186 Ill. 2d at 392. We find that the Vehicle Code and the Insurance Code have provisions which explain how to cancel an insurance policy. Section 8-110 of the Vehicle Code prescribes the procedure for cancellation of insurance policies when the issuing insurance company cancels the policy of insurance. 625 ILCS 5/8-110 (West 2006). Section 513a11 of the Insurance Code prescribes the procedure for cancellation of insurance policies when a premium finance company with a power of attorney cancels the policy of insurance. 215 ILCS 5/143.14, 513a11 (West 2006).

The Insurance Code provides that all statutory, regulatory and contractual restrictions providing that the insurance contract may not be cancelled unless notice is given to the governmental agency shall apply where cancellation is effected under a power of attorney under a premium finance agreement. 215 ILCS 5/513a11(d) (West 2006). Here, we find that, because a medical transport vehicle is involved (625 ILCS 5/8-101.1, 8-110(2) (West 2006)), and because the premium finance company cancelled the policy pursuant to the power of attorney in the premium finance agreement, notice must be given to a governmental agency, the Secretary of State, before cancelling the policy. 215 ILCS 5/513a11(d) (West 2006). Finally, because a premium finance company with a power of

attorney cancelled the insurance policy in this case, we hold that the cancellation provisions in the Insurance Code should be followed. 215 ILCS 5/513a11(d) (West 2006).

In addition, when we consider the reason and necessity of notice provisions in statutes, and the evils to be remedied and the purpose to be achieved, we find that statutory notice provisions must be enforced to ensure public safety. We note that the Secretary of State does not permit medical transport vehicles to use state roads until the owners can prove financial responsibility. See 625 ILCS 5/8-113 (West 2006). We also note that the Secretary of State needs notice of the cancellation of insurance policies for medical transport vehicles so that it can suspend registration certificates, plates and stickers for uninsured medical transport vehicles. See 625 ILCS 5/8-113 (West 2006). The purpose of the statutory scheme is to protect members of the public by ensuring that they will receive compensation if they are injured due to the negligence of a medical transport vehicle driver. See Wilcoxon, 127 Ill. 2d at 239; see also State Farm Mutual Automobile Insurance Co. v. Smith, 197 Ill. 2d 369, 376 (2001). We find that sections 143.14(d) and 513a11(d) of the Insurance Code show a legislative intent to preserve all notification requirements when a premium finance company becomes involved in the cancellation of an insurance policy. 215 ILCS 5/143.14(d), 513a11(d) (West 2006). National's interpretation of the cancellation provisions in the Vehicle Code and Insurance Code (1) would prevent the Secretary of State from receiving notice when a premium finance company cancels a policy, and (2) would defeat the legislature's policy of ensuring the financial responsibility of medical transport companies. Therefore, we reject National's interpretation of the applicable statutes.

CONCLUSION

In conclusion, when a premium finance company cancels an insurance policy, the Insurance Code expressly provides that "[t]he insurer shall give the notice" to any necessary governmental agencies. 215 ILCS 5/143.14, 513a11(d) (West 2006). National admits it gave no such notice to the Secretary of State. Because the request for cancellation was not effectuated pursuant to section 513a11 of the Insurance Code, we find the cancellation of National's policy did not take effect. See 215 ILCS 5/513a11(d) (West 2006). Therefore, we hold that National's insurance policy was in effect on the date of the accident. Accordingly, we vacate the order entering summary judgment in favor of National and remand for entry of a judgment in favor of Acuity on its complaint for a declaratory judgment.

Reversed and remanded with directions.

O'BRIEN, J., and GALLAGHER, J., concur.