Leonard H. Sandler, J.
In this action for equitable contribution by one insurance company against another, submitted on stipulated facts, the following has been established:
On April 26, 1968, Republic Insurance Co. (Republic) issued an insurance policy, known as a tenants homeowners policy, to one Cyril W. Stone, which by its terms was not to expire until May 22,1971.
Apparently because of dissatisfaction with her original insurance broker, the insured replaced him with another broker who on February 12, 1969 secured for the insured a similar policy with the Travelers Indemnity Co. (Travelers).
Both policies insured the same person and premises with regard to risk of theft, burglary and larceny of the same property, which was valued almost identically. Both policies also included the following provision: “ Other insurance covering the described dwelling (except existing insurance for which credit is given in this policy or insurance against perils not covered by this policy) is not permitted.”
On February 13, 1969, in the course of a burglary of the insured’s premises, items of personal property common to both policies were stolen, as well as a fur coat covered only by the Travelers policy. Notice of loss was promptly given to both carriers. Upon ascertaining the fact of the second policy by insurance adjusters retained by Republic to investigate the claim, Republic disclaimed liability on the stated ground that the placing of the Travelers policy had effected a ‘ ‘ cancellation by intent ”.
Travelers accepted the insured’s proof of loss, and paid the insured an amount in accord with it, which includes reimbursement for the missing articles common to both policies, as well as the fur coat covered only by Travelers. Travelers then requested of Republic that it be reimbursed for half of the pay *210 ment relating to items that were ‘‘ covered ’ ’ by both policies. In two letters, the second of which was signed by Republic’s general adjuster, Republic rejected the claim on the ground that its policy had been “ cancelled by substitution ” on the effective inception of Travelers policy.
Travelers now sues on the theory of equitable contribution, alleging that both companies were liable for the stolen items common to both policies, and that Republic is obligated to it for half of the payment relating to these items.
At the outset, it is quite clear that the provision of the Republic policy prohibiting other insurance stated ‘ ‘ a condition upon which the company assumes liability * * * and the law is well settled that, upon the breach of such a condition, there can be no recovery upon the contract in which it is contained.” (Watson v. Farmers Co-op. Fire Ins. Co., 1 A D 2d 419, affd. 2 NY 2d 846). Accordingly, Republic was not liable under its policy unless it is determined, as strenuously urged by Travelers, that (1) the reason originally assigned by Republic for its disclaimer — cancellation by substitution — is legally insufficient, and (2) that the assignment of that reason first to the insured and then to Travelers was a waiver by Republic of its right to assert the violation of its “ other insurance ” provision even in an action against it by another insurance company.
As to the first branch of the argument, it has been authoritatively held that the placement of a second policy covering the same risks does not automatically effect a cancellation of the first policy, irrespective of the intent of the insured because of the basic principle that a cancellation is not effective until notice of it is actually received either by the insurer or an agent authorized to receive and accept such notice. (Russ Togs v. Fidelity-Phoenix Ins. Co., 36 A D 2d 706; see Louisiana Public Utilities Co. v. Atlas Assur. Co., 238 App. Div. 474, affd. 263 N. Y. 595.)
However, I am by no means convinced that the Russ Togs rule, plainly designed to protect insureds against premature cancellation of policies or needless disputes or litigation about such contentions, is appropriately applied where the original policy prohibits other insurance. In that situation, assuming no fraudulent intent (not even intimated here), it is not oiily a reasonable inference that the insured intended to cancel the first policy, but giving effect to that intent could not possibly impair the right of the insured since the placement of the second policy independently defeats liability under the original policy. And where both policies prohibit other insurance, a finding that the first policy was canceled on the effective inception of the second would seem the most natural and reasonable approach *211 to avoid the absurd and unfair result that the insured may recover under neither policy because he violated the “ other insurance ” provisions of both.
In view of the complex considerations that affect this question, and at best uncertain state of the law, it remains necessary to consider the important question of waiver squarely presented by the facts.
I am strongly persuaded that the principle of insurance law deeming a denial of liability by an insurance carrier on a specified ground to be a waiver of all other defenses known at the time (16A Appelman, Insurance Law and Practice, § 9260) ought not to be applied in an action for equitable contribution by one insurance company against another under the circumstances presented.
The doctrine itself is an unusual one in the law. Normally, a defendant who denies liability on one ground in response to a claim is not precluded from asserting other defenses better understood as a result of further thought or consideration. Moreover, the whole doctrine of waiver is based upon an intentional surrender of a known right, and it is surely a strange inference that one who flatly rejects liability on a specified ground intends to waive all other grounds that may be available. (See S & E Motor Hire Corp. v. New York Ind. Co., 255 N. Y. 69, 72.)
The rule here relied on by Travelers is obviously a special one in the law, shaped by the realities underlying the relationships between insureds and insurance companies, and the compelling need to insure prompt payment of valid insurance claims. These considerations do not seem to me to be realistically applicable to an action by one insurance company against another for equitable contribution under the fact situation presented. I see no sound reason why the normal rules governing waiver should not control here, and these rules obviously do not sustain the position urged by the plaintiff.
Certainly, there is not the slightest basis in the record for finding that the plaintiff’s payment to its insured was affected by the nature of the reason assigned by Republic for disclaiming liability. Quite obviously, Travelers paid because it properly recognized its obligation under its policy.
The case of D’Aquilla Bros. Contr. Co. v. Hartford Acc. & Ind. Co. (22 Misc 2d 733, mod. other grounds, 15 A D 2d 509) does not require a different conclusion. In the D’Aquilla case, an insurance company which had paid the entire judgment secured against its insured and others, had in turn secured a judgment for contribution against the insured of another com *212 pany. In an action testing the liability of the latter company on the judgment against its insured, the court said that a refusal to defend on a legally inadequate ground had waived the defense that the insured had not promptly communicated the fact of the original claim.
The critical distinction, of course, is that the court in the D’Aquilla case applied the principle of waiver in issue here in a situation in which it was emphatically in the interest of the insured that it should be applied.
For the foregoing reasons, judgment is to be entered for the defendant.