Joseph A. Suozzi, J.
By this action the plaintiff insurance carrier seeks a contribution from the defendant carrier of one half of a fire loss in the sum of $15,088.84 paid by plaintiff to a nonparty insured, consisting of $9,317.36 for damage to building, $4,571.48 for damage to contents, and $1,200 for “ additional living expenses ”. The basis for the plaintiff’s claim against the defendant is a fire insurance policy issued to the insured *669 by the defendant carrier, similar in terms and coverage to that issued by the plaintiff. The defendant resists payment on the ground that the issuance of the plaintiff’s policy by the plaintiff at a time when the defendant’s policy was in effect resulted in a cancellation, by operation of law, of the defendant’s policy.
Inasmuch as the issue as to the contribution was solely a matter of law, the court reserved decision with respect to that issue, and submitted to the jury solely the issue of the amount of damage to the building and the contents thereof. Insofar as the plaintiff sought a contribution from the defendant as to the additional living expenses, the court held that there was a failure of proof on this issue and accordingly removed this item of damages from the jury’s consideration.
After deliberation the jury found that the amount of the fire loss as to the building itself was $9,317.36, and the amount of damage as to the contents was $4,208. Whether or not the plaintiff may recover one half of this amount from the defendant insurance carrier is the issue on which the court reserved decision, and which is to be determined hereby.
Republic Insurance Company, the defendant, issued a homeowners’ B policy to Gilbert and Ruth Font, effective March 30, 1966, for a period of three years, covering their premises in East Meadow for various perils. The fire coverage was limited to $16,000 for the dwelling and to $6,400 for personal property at the dwelling. A year later the plaintiff, Allstate Insurance Company, issued a similar policy to the Fonts for the same property and the same risks, and with the same coverage limitations. That policy was effective March 30, 1967, for a period of three years. Ño affirmative action was taken to cancel the earlier policy of Republic.
On April 13, 1967, the Fonts’ property was damaged by fire, and Allstate paid the insured’s fire loss as aforesaid. Republic disclaimed liability, and refused to share the loss paid by Allstate on the grounds of the specific policy prohibition against c* other insurance ”, which reads as follows: “ Other Insurance: Other insurance covering the described dwelling (except existing insurance for which credit is given in this policy or insurance against perils not covered by this policy) is not permitted.” This clause is contained in the policies of both the plaintiff and the defendant. In addition, both policies contain an “ apportionment clause ”, which provides for proration of the loss where there is other insurance coverage. These two clauses are required by law to be part of every fire insurance policy issued in this State. (See Insurance Law, § 168).
*670 The plaintiff maintains that the two clauses, read together, require a sharing of the loss. However, this court finds that the two clauses are not in conflict, and when read as a part of the entire insurance contract, do not require a sharing of the loss. It is clear that the apportionment clause applies only when the insurer agrees to share the risks with other insurers. If other insurance is not permitted, the apportionment clause is simply inoperative. (See Webb v. Wabash Fire & Cas. Ins. Co., 347 S. W. 2d 507 [Ky.].)
The relationship between the two clauses has been characterized by one eminent authority as follows: “ There is no inconsistency, however, between two clauses in a policy which provide respectively for the prorating of any claim in the event of more than one policy on the property and that additional insurance is prohibited without the consent of the insurer thereto, for while prorata clauses contemplate the possibility of additional insurance, they do not permit it and are not in conflict with other policy provisions relative to other insurance. And, since a prorata clause applies only in case the defendant insurer’s policy is valid, it does not constitute a waiver of a provision for forfeiture in case of additional insurance being taken out without the consent of the insurer.” (9 Couch, Insurance, 2d, § 37 :1300, p. 21.)
The “ other insurance ” clause has the ultimate effect of precluding recovery upon the contract. The same result obtains whether the court finds a breach of a conditional limitation (Watson v. Farmers Co-op. Fire Ins. Co., 1 AD 2d 419, 421, affd. 2 N Y 2d 846), a cancellation by implication (Travelers Ind. v. Republic Ins. Co., 70 Misc 2d 208, 210), or a cancellation with a waiver of notice of cancellation (see Travelers Ind. v. Republic Ins. Co., supra; Russ Togs v. Fidelity-Phenix Ins. Co., 36 A D 2d 706 and cases cited therein).
The requirement of notice of cancellation is for the benefit of ■the insured, and has no application in a suit between two insurers. See Travelers Ind. v. Republic Ins. Co. (supra.) The moral hazard implicit in fire insurance, and the public policy in favor of a single recovery by the insured, mandate a finding that the second policy cancels the first. Such a result most nearly accords with the presumed intention of the insured. It is reasonable to infer from the identical coverage selected by the insured and from the effective dates of the policies — exactly one year apart — that cancellation was intended, but never effected by the insured. "While apportionment of the loss is not detrimental to the insured, it would undermine the prohibition against oi;her *671 insurance without consent, and nullify a clause required by law. (See Insurance Law, § 168.)
Accordingly the court finds, as a matter of law, that the plaintiff is not entitled to a contribution from the defendant. In view of (this decision, the jury finding as to the amount of the fire loss is rendered moot and academic. This is the decision of the court pursuant to CPLR 4213 (subd. b).