■ FRANK A. ROMEO, Respondent, v RELIANCE INSURANCE CO., Respondent, and OLOH H. LUNDBERG AGENCY, Appellant.—Appeal from an order of the Supreme Court at Special Term, entered November 28, 1975 in Albany County, which denied a motion by appellant for summary judgment and granted a motion by defendant Reliance Insurance Company for summary judgment dismissing the complaint. This is an action to recover the sum of $7,239.46 from the proceeds of an insurance policy issued by defendant Reliance Insurance Company to indemnify plaintiff for fire loss to premises in Albany, New York. The policy in question, obtained by a predecessor in interest of the plaintiff through appellant Lundberg, an agent of Reliance, was effective for the three-year period from July 21, 1970 to July 21, 1973. Thereafter and prior to the expiration of the policy an indorsement was issued to reflect plaintiff's ownership of the premises. Plaintiff claims that 30 days prior to the said expiration date, pursuant to his request, Lundberg agreed to renew the policy. The policy had not been renewed and plaintiff had not received notification of nonrenewal prior to the occurrence of a fire on his said premises on September 9, 1974. Lundberg relies primarily upon former section 167-b of the Insurance Law, in effect when the instant policy expired on July 21, 1973, which provided in relevant part: "4. Unless the insurer at least forty-five, but not more than sixty, days in advance of the end of the policy period mails or delivers to the named insured at the address shown in the policy notice of its intention not to renew the policy or to condition its renewal upon reduction of limits or elimination of coverages, *the named insured shall be entitled to renew the policy upon payment of the premium due on the effective date of the renewal* * * * Any policy written for a term of less than one year shall be considered as if written for a term of one year. Any policy written for a term longer than one year or any policy with no fixed expiration date shall be considered as if written for successive policy periods or terms of one year" (L 1973, ch 736, § 2; emphasis supplied). Lundberg claims that because Reliance failed to transmit such a 45-day notice to plaintiff, the policy remained in effect at the time of the fire and that, consequently, it should have been granted summary judgment

dismissing the complaint. We agree with Special Term that the former section 167-b of the Insurance Law cannot be interpreted to allow an extension of the coverage of the subject policy to the date of the fire. The critical language, emphasized above, provides that "the named insured shall be entitled to renew the policy upon payment of the premium due on the effective date of the renewal". Plaintiff at Special Term and now Lundberg on this appeal have emphasized Reliance's failure to transmit notice of nonrenewal. The key fact in this case, however, is that plaintiff failed to renew the policy by paying or tendering the premium to Reliance. There is no allegation that such payment or tender was ever made despite the fact that plaintiff admits he knew the policy was about to expire 30 days before the expiration date. The policy was not canceled during its term, there is no indication that it contained a provision requiring notice of its expiration and, indeed, there is no indication that Reliance had any intention not to renew the policy prior to the date of expiration. The policy merely expired at the conclusion of its three-year term. The fault in allowing the expiration can be attributed either to Lundberg, if the allegations of the complaint as to its breach of a promise to provide coverage are true, or to plaintiff. Order affirmed, without costs. Greenblott, J. P., Sweeney, Main, Larkin and Reynolds, JJ., concur.