In the Matter of STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant, v OSWALD C. MATTHEWS et al., Respondents.—In a proceeding to stay arbitration, petitioner appeals from a judgment of the Supreme Court, Queens County, entered September 22, 1978, denying the application. Judgment reversed, on the law, with $50 costs and disbursements, and application granted. The issue is whether Great American Insurance Company's purported cancellation of Jean Haskins' insurance policy prior to June 2, 1974, the stated expiration date, was effective, and, if not, whether the insurance coverage continued up to the date of the instant accident, January 1, 1975. Special Term correctly found, after a hearing, that the Haskins policy was not effectively canceled prior to its expiration date. However, we find erroneous its further finding that the policy nevertheless expired by its terms on June 2, 1974 and that Oswald C. Matthews could compel his insurance company to arbitrate his claim under the uninsured motorist provision of his insurance policy. We base this conclusion on the statutory requirements for cancellation outlined in section 167-a of the Insurance Law and on relevant case law construing said requirements. According to section 167-a, an insurer may cancel a policy for nonpayment of premiums by giving timely written notice to the insured, or it may refuse to renew on written notice showing specific reasons for nonrenewal. Case law demonstrates that this notice requirement is strictly construed, necessitating literal compliance on the part of the insurer, with any ambiguities being interpreted in favor of the insured *(Government Employees Ins. Co. v Mizell,* 36 AD2d 452). In *Capra v Lumbermens Mut. Cas. Co.* (31 NY2d 760, on remand 43 AD2d 986), a case presenting virtually identical facts to those at bar, an automobile policy was held to be automatically renewed after its expiration because of the insurer's failure to tender a proper notice of nonrenewal. *Capra* has been followed in this Department, most recently in *Matter of Safeco Ins. Co. (Testagrossa)* (67 AD2d 979).

Special Term's reliance on *Romeo v Reliance Ins. Co.* (53 AD2d 733) was erroneous. *Romeo* involved the expiration of a policy of *fire* insurance, where the insurer failed to dispatch a notice of nonrenewal as required by section 167-b of the Insurance Law. The court in *Romeo* held the expiration to be valid and refused to hold the insurer liable on the policy. However, fire insurance policies are subject to different statutory rules with respect to cancellation and nonrenewal and, in addition, public policy considerations regarding automobile and fire policies differ materially. As to the former, the public interest is integrally involved, and there is a strong policy with regard to keeping the policy in effect absent some overt and deliberate act on the part of the insurer, made manifest to the insured, effecting cancellation or invalidation of the policy. On the other hand, fire insurance policies cannot be said to affect the rights of innocent third parties; consequently, contractual privity between insured and insurer, with the full complement of attendant common-law rights and obligations can truly be said to exist. The conclusion based on the foregoing factors is inescapable—for lack of valid cancellation by the insurer, the Haskins policy remained in effect on the date of the accident, January 1, 1975 and, therefore, Oswald C. Matthews must pursue a different remedy. Hopkins, J. P., Lazer, Margett and Weinstein, JJ., concur.