OPINION OF THE COURT
Robert L. Nahman, J.
Defendant brings the instant motion pursuant to CPLR 3212 to dismiss the plaintiff’s complaint.
Plaintiff and defendant entered into a contract (American Automobile Consumer Repair Agreement Ltd.) whereby for a fee paid by the plaintiff, defendant was to repair body damage to plaintiff’s automobile.
Plaintiff’s automobile was stolen on March 31, 1986, was *182 subsequently, recovered and in need of repair. The membership application entered into between the parties prior to the contract states on its face that "membership will be rescinded upon suspension or revocation of driver’s license”. (Emphasis added.) Plaintiff contends that his license was suspended without his knowledge due to a number of alleged moving violations after the execution of the application on September 30, 1985, but prior to the loss of March 31, 1986. Defendant contends that plaintiff is not entitled to benefits under the terms of the contract because of the suspension of plaintiffs license at the time of the loss.
In a recent case involving the same defendant, People v American Auto. Consumer Repair Agreement (NYLJ, Sept. 23, 1986, p 7, col 1), the court was persuaded that the defendant was engaging in a course of repeated illegal acts in that they were in the business of making contracts for insurance without being licensed or exempt by the Insurance Law. In that case, as well as the case at bar, a contract was executed obligating the defendant to repair damages to the owner’s automobile regardless of the cost of repairs upon payment of an "Annual Agreement Fee” which the court held to be a disguised premium.
Consequently, what we are left with is a "de facto contract of insurance”. If such is the case, then the defendant had an obligation to give the plaintiff notice of its intention to cancel the contract. Mere silence on the part of an insurance carrier cannot operate to terminate its liability to an insured. (Zeman v Zack Agency, 75 AD2d 261.)
Pursuant to Insurance Law § 3425 (c), cancellation of an automobile insurance policy is allowed after the covered policy has been in effect for 60 days or upon the effective date, if the policy is a renewal and only upon three specified grounds, to wit: (1) nonpayment of premium; (2) suspension or revocation during the required policy period of the driver’s license or the named insured other than a suspension pursuant to Vehicle and Traffic Law § 510-b (1), or (3) discovery of fraud or material misrepresentation in obtaining the policy or in the presentation of a claim thereunder.
Pursuant to the aforementioned statute, defendant may have had a valid basis for cancellation of the "insurance contract”, however, it did not give any notice of its intention to cancel the contract.
Vehicle and Traffic Law § 313 provides that no contract of *183 insurance (for which a certificate of insurance has been filed with the Commissioner) shall be terminated by the insurer until at least 20 days after mailing to the named insured at the address shown on the policy, a notice of termination by regular mail, with a certificate of mailing, properly indorsed by the postal service to be obtained.
Public policy considerations dictate that the burden of terminating coverage be placed affirmatively upon the insurer rather than on the insured. (Victor v Turner, 113 AD2d 490; Zeman v Zack Agency, 75 AD2d 261, supra.) The requirement of a notice of cancellation is for the benefit of the insured (Allstate Ins. Co. v Republic Ins. Co., 78 Misc 2d 668; Victor v Turner, supra) and a notice of cancellation is not valid unless it is clear, unconditional and unequivocal. (Silberzweig v New York Prop. Ins. Underwriters Assn., 59 AD2d 737; Victor v Turner, supra.)
In the instant case, there is no allegation of notice by the defendant. In the absence of an explicit notice of cancellation in conformity with the aforementioned, the "contract of insurance” remains in effect.
Accordingly, defendant’s motion to dismiss the complaint is denied.