OPINION OF THE COURT
John S. Lockman, J.
Before the court are two motions in the actions William, A. Mooney, Edward A. Fogarty, William E. Tesauro v Physicians’ Reciprocal Insurers, assigned to Justice Wager (the Mooney plaintiffs) and John A. Pallotta, William A. Maiorino, Robert S. Schwartz, Michael H. Polcino, and Denise R. Lewter v *224 Physicians’ Reciprocal Insurers assigned to Justice Lockman (the Pallotta plaintiffs). Both counsel agree each case involves identical issues of law. Preliminary injunctions enjoining defendant from terminating the Mooney and Pallotta plaintiffs’ medical malpractice insurance were granted by orders dated August 26, 1987 (Wager, J.). By orders dated August 31, 1987 (Lockman, J.), the parties were advised that defendant’s motions to dismiss would be converted to summary judgment motions, and the parties were given the opportunity to submit further papers (see, Rovello v Orofino Realty Co., 40 NY2d 633).
The defendant’s motions for summary judgment are now before Justice Lockman, and, upon searching the record, summary judgment is awarded to plaintiffs, declaring that professional liability policies No. 20134 and No. 20189, issued to the Mooney plaintiffs and the Pallotta plaintiffs, respectively, were validly renewed for the period beginning July 1, 1987 and ending June 30, 1988, and shall remain in full force and effect for said period, provided plaintiffs do not present defendant with any grounds for cancellation.
In these two actions the facts are straightforward and undisputed.
Plaintiffs are all insureds under two professional liability insurance policies issued by defendant for the period July 1, 1986 to June 30, 1987. By notices dated April 30, 1987, defendant elected to nonrenew. The notices conformed in all respects with the requirements of Insurance Law § 3426, and indicated "claims experience” as the reason for nonrenewal.
Upon receiving the notices of nonrenewal, the legal representatives of plaintiffs requested in writing, the factual basis for defendant’s assertion of "claims experience”, as cause for nonrenewal. The letters concerning nonrenewal were dated May 12, 1987 for the Mooney plaintiffs, and May 14, 1987 for the Pallotta plaintiffs. By statute, defendant had 20 days to reply (Insurance Law § 3426 [g] [1]). Defendant did not do so, and on June 1, 1987, mailed premium bills covering the quarterly installments for renewal policies to both the Mooney and Pallotta plaintiffs. The notices indicated that payment was due not later than July 1, 1987. Plaintiffs responded with the requested premium checks, and defendant accepted and deposited same.
Defendant thereafter attempted to send "new” notices of nonrenewal on June 26, 1987, to be effective November 1, *225 1987, and further attempted to return, pro rata, the premium payments it had previously accepted.
The issue in this action is whether defendant effectively nonrenewed plaintiffs’ policies in conformance with Insurance Law § 3426. The court finds that the second attempt to nonrenew was not in strict compliance with section 3426 of the Insurance Law, and was therefore a nullity. The first nonrenewal notice was superseded by issuance of the renewal policy and was, therefore, also ineffective.
Insurance Law § 3426 governs the renewal of a professional liability insurance policy which is defined as a "covered policy” under that section (Insurance Law § 3426 [a] [1]). Covered polices must be issued for a minimum term of one year, with this "[r]equired policy period” defined as one year from the date "as of which” a covered policy is renewed or first issued (Insurance Law § 3426 [a] [2]; [d] [2]). A covered policy must remain in effect unless the insurer mails or delivers written notice of its intention to not renew at least 60 but not more than 120 days in advance of the end of the required policy period (Insurance Law § 3426 [e] [1] [A]; [3]). The statute contemplates late notice of nonrenewal prior to the expiration date of the policy, and in that event, makes provision for a 60-day extension of coverage from the date of notice (Insurance Law § 3426 [e] [5] [B]). However, if notice in accordance with the statute is not provided by the insurer prior to the expiration date, coverage remains "in effect on the same terms and conditions of the expiring policy for another required policy period” (Insurance Law § 3426 [e] [5] [C] [i]; see also, Zeman v Zack Agency, 75 AD2d 261, 267 ["in the absence of an explicit notice of nonrenewal in conformity with the statute * * * an insurance policy remains in effect, and is deemed renewed beyond its expiration date”]).
Here, the defendant mailed renewal premium notices to the plaintiffs approximately one month prior to the expiration dates of their policies, and the effect given to this mailing is critical to the outcome. If mailing the premium notices constituted renewal, defendant would thereafter have to "cancel” the renewal policy, for it is logically impossible to both renew and nonrenew, and the statute clearly does not contemplate nor permit an insurer to do both. (Compare, Insurance Law § 3426 [c], with § 3426 [e]; cf., Conthur Dev. Co. v Bartfield, NYLJ, Sept. 30, 1987, at 13, col 3.)
To ascertain the meaning of the word "renewal”, it is *226 recognized that "the Legislature may, in enacting a statute, define the terms used therein (see, McKinney’s Cons Laws of NY, Book 1, Statutes § 75 [b]) * * * [and] the courts have a duty to recognize the definitions thus established (People ex rel. Champlin v Gray, 185 NY 196, 200)” (Victor v Turner, 113 AD2d 490, 496). Insurance Law § 3426 (a) (4) defines renewal as follows, "the issuance or offer to issue by an insurer of a policy superseding a policy previously issued and delivered by the same insurer * * * or delivery of a * * * notice extending the term of a policy beyond its policy period or term”.
Defendant has clearly offered to issue a superseding policy by mailing the premium notice, and thus has renewed plaintiffs’ policies in accordance with the statute.
Furthermore, construing the term "renewal” under a definition in Insurance Law former § 167-a (now § 3425) which contains almost identical language, it has been held that mailing of the premium bill, without more, constitutes renewal of a covered policy (Victor v Turner, 113 AD2d 490, supra). Under section 167-a renewal was defined as follows, " 'the issuance and delivery by an insurer, at the end of the policy period, of a policy superseding a policy previously issued and delivered by the same insurer, or the issuance and delivery of a * * * notice extending the term of a policy beyond its policy period or term’ (Insurance Law § 167-a [1] [b]).” (Victor v Turner, 113 AD2d, at 496, supra). Thus, mailing the premium bill constitutes "issuance * * * by an insurer * * * of a policy superseding a policy previously issued”, the precise language at issue in this case, and defendant has renewed plaintiffs’ policies, whether a premium bill is considered merely an irrevocable offer to issue, or issuance itself, of a renewal policy. (Insurance Law § 3426 [a] [4].)
Once a policy is renewed by mailing the premium notice, a cancellation notice is required in order to terminate coverage, even in the absence of payment by the insured (113 AD2d, supra, at 499).
Here, defendant’s second nonrenewal notices cannot be considered cancellation notices, as the "general rule involving cancellation is that notice provisions and statutes must be literally complied with and any ambiguities in language are construed against the insurer (see, Government Employees Ins. Co. v Mizell, 36 AD2d 452, 453-454; Fifty States Mgt. Corp. v Public Serv. Mut. Ins. Co., 67 Misc 2d 778, 782)” (113 AD2d, supra, at 497-498). Thus, in order to cancel, defendant would *227 be required to proffer one of the grounds specified in the statute (see, Insurance Law § 3426 [c]). Defendant failed to do so, and accordingly, plaintiffs’ renewal policies continue to be effective for the required policy period, i.e., one year from the date as of which their covered policies were renewed, July 1, 1987 through June 30, 1988.