■ BARRY S. GEDAN, Appellant-Respondent, v HOME INSURANCE COMPANY et al., Respondents-Appellants.—In an action, *inter alia,* for a judgment declaring that a professional liability policy issued by the defendant Home Insurance Company remained in full force and effect for the period from February 1, 1987, until February 1, 1988, the plaintiff appeals from so much of an order of the Supreme Court, Westchester County (Gurahian, J.), entered April 4, 1989, as (1) granted those branches of the defendants' motion which were for summary judgment dismissing the plaintiff's first and fourth causes of action, and (2) denied the plaintiff's cross motion for partial summary judgment and to compel disclosure, and the defendants cross-appeal from so much of the order as denied those branches of their motion which were for summary judgment dismissing the second and third causes of action asserted in the complaint.

Ordered that the order is modified, on the law, by (1) deleting the provisions thereof which granted that branch of the defendants' motion which was for summary judgment on the first cause of action and declared that the nonrenewal notice dated January 29, 1987, superseded a nonrenewal

notice dated December 30, 1986, and complied with Insurance Law former § 3426, and denied that branch of the cross motion which was for partial summary judgment with respect to that cause of action, and substituting therefor a provision denying that branch of the motion and granting that branch of the cross motion and declaring that, by operation of Insurance Law former § 3426 (e) (5) (C) (i) (L 1986, ch 220, § 31), coverage under the plaintiff's policy continued for an additional policy period from February 1, 1987, until February 1, 1988, and (2) deleting the provision thereof which denied that branch of the defendants' motion which was for summary judgment dismissing the plaintiff's third cause of action and substituting therefor a provision granting that branch of the motion and dismissing the third cause of action; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff, an attorney, obtained professional liability insurance from the defendant, the Home Insurance Company (hereinafter Home) for the period of February 1, 1986, to February 1, 1987. The defendant Bertholon Rowland Corp. was the plaintiff's insurance broker. With his policy due to expire on February 1, 1987, the plaintiff submitted a renewal application and was informed by his broker in early December that the application was being processed. Home subsequently mailed the plaintiff a notice dated December 30, 1986, which informed him that his policy would expire at 12:01 A.M. on February 1, 1987, and would not be renewed.

In an attempt to prevent the impending termination of his liability insurance, the plaintiff commenced this action in January 1987, seeking injunctive and declaratory relief, as well as monetary damages. Home mailed a second purported notice of nonrenewal dated January 29, 1987, to the plaintiff, which Home contends superseded the first notice of nonrenewal. Thereafter, the plaintiff amended his complaint to allege that this second notice failed to qualify as a nonrenewal notice pursuant to Insurance Law former § 3426 (L 1986, ch 220, § 31).

It is undisputed that the original purported notice of nonrenewal dated December 30, 1986, was incomplete since it failed to provide the plaintiff with "the specific reason or reasons for nonrenewal" (Insurance Law former § 3426 [e] [2]). The notice was also late since it was not mailed or delivered at least 60 days prior to the policy's expiration date (see, Insurance Law former § 3426 [e] [3]). Pursuant to the statute, if timely and substantially complete notice is not provided prior to the expiration date, "coverage shall remain in effect on the same

terms and conditions of the expiring policy for another required policy period" (Insurance Law former § 3426 [e] [5] [C] [i]; *see also, Pallotta v Physicians' Reciprocal Insurers,* 137 Misc 2d 223). However, if a late nonrenewal notice is provided by the insurer prior to the expiration date of the policy, "coverage shall remain in effect * * * until sixty days after such notice is mailed or delivered" (Insurance Law former § 3426 [e] [5] [B]).

Both sides have sought declaratory relief with respect to the question of whether the plaintiff's insurance policy was renewed for an additional policy period due to Home's failure to provide a proper nonrenewal notice or whether, by virtue of the second notice, the plaintiff's policy was renewed for only 60 days. Since there is no dispute that the first notice was deficient, resolution of this issue turns on whether the notice dated January 29, 1987, was a valid notice of nonrenewal. The language employed is ambiguous. While the document is labeled a "NON-RENEWAL NOTICE", it does not specify the date when coverage will expire. Insurance notice requirements are strictly construed and any ambiguities are to be interpreted in favor of the insured *(see, e.g., Zeman v Zack Agency,* 75 AD2d 261; *Matter of State Farm Mut. Auto. Ins. Co. v Matthews,* 74 AD2d 875; *Government Employees Ins. Co. v Mizell,* 36 AD2d 452). We therefore find that Home failed to provide an effective notice of nonrenewal prior to the expiration date of the policy, and the plaintiff is entitled to partial summary judgment on his first cause of action declaring that the policy was renewed for an additional policy period.

Since the plaintiff did obtain replacement coverage following Home's nonrenewal of his policy, the plaintiff's third cause of action to recover damages for breach of the broker's obligation should have been dismissed *(see generally, Blonsky v Allstate Ins. Co.,* 128 Misc 2d 981). We agree with the court's determination that there are triable issues of fact with respect to the plaintiff's claims of wrongful termination and breach of the insurance contract which preclude summary judgment on the second cause of action.

We have examined the parties' remaining contentions and find that no further relief is warranted. Mangano, P. J., Thompson, Lawrence and O'Brien, JJ., concur.