In an action, inter alia, for a judgment declaring that the plaintiff is not obligated to defend and indemnify the defendants George E. Vickers, Jr., Enterprises, Inc., 99 Lynn Avenue, LLC, 105 Lynn Avenue, LLC, B&L Management Company LLC, Alfred Caiola, Cardo Site Development, Inc., and Alfred Caiola, Ben Caiola III, and Rose Caiola, as tenants in common, in an underlying action entitled Pinon v 99 Lynn Ave. LLC, pending *685 in the Supreme Court, Suffolk County, under index No. 23798/ 08, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Martin, J.), dated April 26, 2011, as denied that branch of its motion which was for summary judgment declaring that it is not obligated to defend or indemnify the defendants George E. Vickers, Jr., Enterprises, Inc., 99 Lynn Avenue, LLC, and 105 Lynn Avenue, LLC, and granted the cross motion of the defendants 99 Lynn Avenue, LLC, 105 Lynn Avenue, LLC, B&L Management Company LLC, Alfred Caiola, and Alfred Caiola, Ben Caiola III, and Rose Caiola, as tenants in common, which was for summary judgment on their counterclaim, inter alia, for reformation of the subject insurance policy and, in effect, declaring that the plaintiff is obligated to defend the defendants, 99 Lynn Avenue, LLC, and 105 Lynn Avenue, LLC, in the underlying action.
Ordered that the order is affirmed insofar as appealed from, with costs.
In 2004, the defendants 99 Lynn Avenue, LLC (hereinafter 99 Lynn), the owner of property located at 99 Lynn Avenue, Hampton Bays, and 105 Lynn Avenue, LLC (hereinafter 105 Lynn; hereinafter together the Lynn defendants), the owner of property located at 105 Lynn Avenue, Hampton Bays, entered into separate contracts with the defendant George E. Vickers, Jr., Enterprises, Inc. (hereinafter Vickers), a general contractor, for the construction of custom homes on each of their respective properties. Vickers subcontracted with the defendant Paul Michael Contracting Corp. (hereinafter Paul Michael), to perform the masonry work at the 99 Lynn job site.
Vickers purchased a commercial liability insurance policy for the project (hereinafter the policy) from the plaintiff, Essex Insurance Company. The policy provided coverage, inter alia, for “bodily injury” caused by an “occurrence.” However, exclusion K (2) (b) of the policy (hereinafter the employee exclusion) provided, among other things, that the policy did not apply to “bodily injury . . . sustained by any contractor ... or subcontractor, or any employee ... of same.” On January 27, 2004, at Vickers’ request, the plaintiff added the Lynn defendants as additional insureds to the policy for the coverage period ending March 25, 2004. However, the renewal quotation for the coverage period from March 26, 2004, through March 25, 2005, stated that the quote included “no additional insureds.” Vickers listed the Lynn defendants as additional insureds on its application to renew the policy for the coverage period from March 26, 2005, through March 25, 2006, but the renewal quotation for that coverage period stated that the quote included “NO AI’s.”
*686 On June 25, 2005, Miguel Pinon, an employee of Paul Michael, sustained serious injuries during his lunch break, when he dove into shallow water at a nearby beach and broke his neck. After being denied workers’ compensation coverage on the ground that his accident did not occur in the course of his employment, Pinon commenced an action (hereinafter the underlying action) to recover damages for personal injuries against, among others, Vickers and the Lynn defendants. Those parties sought indemnification and defense from the plaintiff pursuant to the policy.
The plaintiff disclaimed coverage and refused to defend or indemnify Vickers and the Lynn defendants with regard to the underlying action, based on the employee exclusion which, it asserted, applied regardless of whether the employee was acting within the scope of his employment at the time the accident occurred. It also argued that the Lynn defendants were not additional insureds for the coverage period from March 26, 2005, through March 25, 2006.
The plaintiff commenced this action, inter alia, for a judgment declaring that it was not obligated to defend and indemnify Vickers or the Lynn defendants in the underlying action, and moved, among other things, for summary judgment. The Lynn defendants, among others, cross-moved for summary judgment on their counterclaim, inter alia, for reformation of the insurance policy for the coverage period from March 26, 2005, through March 25, 2006, to include them as additional insureds, and, in effect, judgment declaring that the plaintiff was obligated to defend them in the underlying action. Concluding that the employee exclusion was ambiguous with regard to the definition of “employee,” that the plaintiff had failed to establish as a matter of law that the employee exclusion applied, and that the parties intended to add the Lynn defendants as additional insureds, the Supreme Court denied the subject branch of the plaintiff’s motion and granted the cross motion of the Lynn defendants.
“An insurer’s duty to defend is broader than its duty to indemnify, such that an insurer may be obligated to defend its insured even if, at the conclusion of an underlying action, it is found to have no obligation to indemnify its insured” (Global Constr. Co., LLC v Essex Ins. Co., 52 AD3d 655, 655-656 [2008]; see BP A.C. Corp. v One Beacon Ins. Group, 8 NY3d 708, 714 [2007]; Campoverde v Fabian Bldrs., LLC, 83 AD3d 986, 987 [2011]). “The duty to defend an insured is not triggered, however, ‘when the only possible interpretation of the allegations against the insured is that the factual predicate for the *687 claim falls wholly within a policy exclusion’ ” (Campoverde v Fabian Bldrs., LLC, 83 AD3d at 988, quoting Howard & Norman Baker, Ltd. v American Safety Cas. Ins. Co., 75 AD3d 533, 534 [2010]; see Automobile Ins. Co. of Hartford v Cook, 7 NY3d 131, 137 [2006]; Global Constr. Co., LLC v Essex Ins. Co., 52 AD3d at 656). “An exclusion from coverage ‘must be specific and clear in order to be enforced’, and an ambiguity in an exclusionary clause must be construed most strongly against the insurer” (Guachichulca v Laszlo N. Tauber & Assoc., LLC, 37 AD3d 760, 761 [2007] [citation omitted], quoting Seaboard Sur. Co. v Gillette Co., 64 NY2d 304, 311 [1984]; see Ace Wire & Cable Co. v Aetna Cas. & Sur. Co., 60 NY2d 390, 398 [1983]; Howard & Norman Baker, Ltd. v American Safety Cas. Ins. Co., 75 AD3d 533, 534 [2010]; Bassuk Bros, v Utica First Ins. Co., 1 AD3d 470, 471 [2003]). The test for ambiguity is whether the language of the insurance contract is “susceptible of two reasonable interpretations” (State of New York v Home Indem. Co., 66 NY2d 669, 671 [1985]; see MDW Enters. v CNA Ins. Co., 4 AD3d 338, 340-341 [2004]).
To establish its prima facie entitlement to judgment as a matter of law based on the employee exclusion, the plaintiff was required to establish that the exclusion applied in this case and was “subject to no other reasonable interpretation” (seaboard Sur. Co. v Gillette Co., 64 NY2d at 311; see MDW Enters. v CNA Ins. Co., 4 AD3d at 340). We agree with the Supreme Court’s conclusion that the employee exclusion was ambiguous, as there is no definition of the word “employee” in the policy, and one reasonable interpretation of the terms of the policy is that the parties did not intend for a worker acting outside the scope of his employment to be considered an “employee” within the meaning of the employee exclusion. In addition, where, as here, “the injuries occurred away from the employer’s premises, it might well [be] determined that that action did not arise out of and in the course of the employment” (International Paper Co. v Continental Cas. Co., 35 NY2d 322, 326 [1974]). Accordingly, as the plaintiff failed to establish its entitlement to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Zuckerman v City of New York, 49 NY2d 557, 562 [1980]), the Supreme Court properly denied that branch of the plaintiff’s motion which was for summary judgment. Because the employee exclusion could “even potentially” be inapplicable, the plaintiff is obligated to defend its insured (BP A.C. Corp. v One Beacon Ins. Group, 8 NY3d at 714 [internal quotation marks omitted]; Technicon Elecs. Corp. v American Home Assur. Co., 74 NY2d 66, 73 [1989]; see Campoverde v Fabian Bldrs., LLC, 83 AD3d at 987; Global Constr. Co., LLC v Essex Ins. Co., 52 AD3d at 655-656).
*688 The Lynn defendants met their prima facie burden on that branch of their cross motion which was for summary judgment on their counterclaim, inter alia, for reformation of the policy for the coverage period from March 26, 2005, through March 26, 2006, to include them as additional insureds, by “showing a mutual mistake by clear and convincing evidence” (Migliore v Manzo, 28 AD3d 620, 621 [2006]; see Koskey v Pacific Indem. Co., 270 AD2d 461, 462 [2000]; Surlak v Surlak, 95 AD2d 371, 381 [1983]). This evidence included the request in Vickers’ application for the 2005-2006 policy renewal to provide coverage to the Lynn defendants as additional insureds, the absence of evidence that the plaintiff refused the request, and the fact that the plaintiff previously granted a written request by Vickers to add the Lynn defendants as additional insureds to the initial 2003-2004 policy. In opposition to the cross motion, the plaintiff failed to proffer any evidence establishing that its failure to provide the requested coverage was anything other than mistake (see Alvarez v Prospect Hosp., 68 NY2d at 324; Zuckerman v City of New York, 49 NY2d at 562), and it has not suggested any reason why it would have refused Vickers’ request.
Additionally, the Lynn defendants submitted evidence establishing, as a matter of law, that the plaintiff failed to comply with Insurance Law § 3426, which sets forth notice requirements pertaining to the cancellation or conditioned renewal of commercial insurance policies. “Insurance notice requirements are strictly construed and any ambiguities are to be interpreted in favor of the insured” (Gedan v Home Ins. Co., 176 AD2d 914, 916 [1991]; see Victor v Turner, 113 AD2d 490, 497-498 [1985]; Zeman v Zack Agency, 75 AD2d 261, 264 [1980]). “Subdivision (e) (1) of [Insurance Law § 3426], in effect, precludes an insurer from changing the terms, conditions or rates of an existing policy upon renewal unless, not less than 60 and not more than 120 days before expiration of the existing policy, the insurer provides the insured with written notice indicating its intention to condition renewal upon a change or reduction in coverage or the addition of an exclusion” (Petr-All Petroleum Corp. v Fireman’s Ins. Co. of Newark, 188 AD2d 139, 144 [1993]). Subdivision (e) (2) further provides that notice of renewal conditioned upon a change in the provisions of an existing policy must contain “the specific reason or reasons for . . . conditional renewal” (Insurance Law § 3426 [e] [2]). Where an insurer fails to comply with the statute’s notice requirements, coverage remains in effect “on the same terms and conditions of the expiring policy for another required policy period” (Insurance Law § 3426 [e] [5] [C] [i]; see Gedan v Home Ins. Co., 176 AD2d at 915-916; Victor v Turner, 113 AD2d at 497-498; Zeman v Zack Agency, 75 AD2d at 264).
*689 Here, notwithstanding the plaintiffs contention to the contrary, the renewal quotation for the coverage period from March 26, 2004, through March 25, 2005, which stated that the policy included “no additional insureds,” was ambiguous, as it failed to mention the Lynn defendants specifically (see Gedan v Home Ins. Co., 176 AD2d at 916), and provided no “specific reason or reasons for” conditioning renewal upon the removal of the Lynn defendants as additional insureds (Insurance Law § 3426 [e] [2]; see Gedan v Home Ins. Co., 176 AD2d at 915-916). As such, the renewal quotation was insufficient to constitute proper notice under Insurance Law § 3426 (e) (2). Consequently, coverage for the period from March 26, 2004, through March 25, 2005, remained in effect “on the same terms and conditions of the expiring policy for another required policy period,” and the Lynn defendants remained covered as additional insureds during that period (Insurance Law § 3426 [e] [5] [C] [i]; see Gedan v Home Ins. Co., 176 AD2d at 915-916; Victor v Turner, 113 AD2d at 497-498; Zeman v Zack Agency, 75 AD2d at 264). Since no notice of conditional renewal was provided anytime thereafter, the same coverage, including coverage of the Lynn defendants as additional insureds, remained in effect throughout the coverage period from March 26, 2005, through March 25, 2006, as well, and was in effect on June 25, 2005, the day of the underlying accident. Therefore, the Supreme Court properly granted that branch of the Lynn defendants’ cross motion which was for summary judgment on their counterclaim, inter alia, for reformation of the policy for the coverage period from March 26, 2005, through March 26, 2006, to include them as additional insureds. Rivera, J.E, Dillon, Roman and Cohen, JJ., concur.