Kedex Props., LLC v Trisura Specialty Ins. Co. (2026 NY Slip Op 01345)

Kedex Props., LLC v Trisura Specialty Ins. Co.

2026 NY Slip Op 01345

Decided on March 11, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
PHILLIP HOM, JJ.

2024-04725
 (Index No. 723320/21)

[*1]Kedex Properties, LLC, appellant, 
vTrisura Specialty Insurance Company, respondent, et al., defendant.

Goetz Schenker Blee & Wiederhorn LLP, New York, NY (Matthew B. Stein of counsel), for appellant.
Manning & Kass, Ellrod, Ramirez, Trester, LLP, New York, NY (Jamie N. Burke and Jeanette L. Dixon of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, for a judgment declaring that the defendant Trisura Specialty Insurance Company is obligated to defend and indemnify the plaintiff in an underlying action entitled Ochoa v Kedex Properties, LLC, pending in the Supreme Court, Queens County, under Index No. 708326/21, the plaintiff appeals from an order of the Supreme Court, Queens County (Maurice E. Muir, J.), entered January 25, 2024. The order denied the plaintiff's motion for summary judgment on the complaint.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiff's motion which was for summary judgment declaring that the defendant Trisura Speciality Insurance Company is obligated to defend the plaintiff in the underlying action, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for the entry of a judgment, inter alia, declaring that the defendant Trisura Specialty Insurance Company is obligated to defend the plaintiff in the underlying action entitled Ochoa v Kedex Properties, LLC, pending in the Supreme Court, Queens County, under Index No. 708326/21.
The plaintiff, Kedex Properties, LLC (hereinafter Kedex), is the owner of certain real property located in Jackson Heights. The defendant Trisura Speciality Insurance Company (hereinafter Trisura) issued a commercial general liability policy of insurance to Kedex, which was effective from December 10, 2020, to December 10, 2021. Following a fire that occurred at the property on April 6, 2021, Kedex hired First Response Cleaning Corp. (hereinafter First Response) to complete emergency mitigation and restoration of the property. Thereafter, First Response hired Core Scaffolding Systems, Inc. (hereinafter Core), to furnish and install a scaffold at the entrance of the property. On April 8, 2021, the defendant Anibal Fernando Cabrera Ochoa allegedly was injured when he fell from a scaffold while "engaged in the performance of construction, renovation, demolition, painting, repair and/or alterations" at the property. Ochoa thereafter commenced a personal injury action against Kedex and First Response, entitled Ochoa v Kedex Properties, LLC, in the Supreme Court, Queens County, under Index No. 708326/21 (hereinafter the underlying action), alleging common-law negligence and violations of various sections of the Labor Law. In a verified bill of particulars in the underlying action, Ochoa alleged that at the time he was injured, [*2]he was employed by Core.
Trisura disclaimed coverage to Kedex under the policy based on certain exclusions, including an employer's liability exclusion, a construction exclusion, a workers' compensation exclusion, and a medical payments exclusion. Thereafter, Kedex commenced this action, inter alia, for a judgment declaring that Trisura is obligated to defend and indemnify Kedex in the underlying action. Kedex moved for summary judgment on the complaint. In an order entered January 25, 2024, the Supreme Court denied Kedex's motion. Kedex appeals.
"In general, the insured has the initial burden to establish that an insurance policy covers the subject loss and the carrier has the burden to prove that an exclusion defeats coverage" (County of Suffolk v Ironshore Indem., Inc., 187 AD3d 1137, 1139). In other words, "[t]he insured has the initial burden of proving that the damage was the result of an 'accident' or 'occurrence' to establish coverage where it would not otherwise exist. Once coverage is established, the insurer bears the burden of proving that an exclusion applies" (Consoldated Edison Co. of N.Y. v Allstate Ins. Co., 98 NY2d 208, 220 [citation omitted]).
"An insurer's duty to defend its insured is 'exceedingly broad'" (Mack-Cali Realty Corp. v NGM Ins. Co., 119 AD3d 905, 906, quoting Regal Constr. Corp v National Union Fire Ins. Co. of Pittsburgh, PA, 15 NY3d 34, 37). "[A]n insurer will be called upon to provide a defense whenever the allegations of the complaint suggest . . . a reasonable possibility of coverage" (id. [internal quotation marks omitted]). "'If [a] complaint contains any facts or allegations which bring the claim even potentially within the protection purchased, the insurer is obligated to defend'" (id., quoting BP A.C. Corp. v One Beacon Ins. Group, 8 NY3d 708, 714).
When an insurer seeks to disclaim coverage on the basis of an exclusion, "the insurer will be required to provide a defense unless it can demonstrate that the allegations of the complaint cast that pleading solely and entirely within the policy exclusions, and, further, that the allegations, in toto, are subject to no other interpretation" (Automobile Ins. Co. of Hartford v Cook, 7 NY3d 131, 137 [internal quotation marks omitted]; see Gem-Quality Corp. v Colony Ins. Co., 209 AD3d 986, 990). "'Policy exclusions are to be strictly and narrowly construed and are not to be extended by interpretation or implication'" (Grenadier Realty Corp. v RLI Ins. Co., 218 AD3d 751, 753, quoting East Ramapo Cent. Sch. Dist. v New York Schs. Ins. Reciprocal, 150 AD3d 683, 686). Where an exclusion relied upon by the insurer "could 'even potentially' be inapplicable, the [insurer] is obligated to defend its insured" (Essex Ins. Co v George E. Vickers, Jr., Enters., Inc., 103 AD3d 684, 687, quoting BP A.C. Corp. v One Beacon Ins. Group, 8 NY3d at 714).
Here, in support of its motion, Kedex submitted, among other things, a copy of the policy, which provides coverage, inter alia, due to "bodily injury" that is caused by an "occurrence," that is, "an accident," at the property during the policy period. Kedex also submitted a copy of a letter authored by counsel for Trisura's third-party administrator, in which counsel determined that the "bodily injury" sustained by Ochoa fell within the definition of an "occurrence" under the policy and, therefore, triggered coverage under the policy. Based upon this evidence, Kedex established, prima facie, that Ochoa's injury as alleged in the complaint in the underlying action constituted an "occurrence" within the meaning of the policy (see Automobile Ins. Co. of Hartford v Cook, 7 NY3d at 137-138). In opposition, Trisura failed to raise a triable issue of fact as to whether the allegations in the pleadings in the underlying action cast those pleadings solely within the exclusions relied upon by Trisura (see Gem-Quality Corp. v Colony Ins. Co., 209 AD3d at 991-992; Essex Ins. Co. v George E. Vickers, Jr., Enters., Inc., 103 AD3d at 688). Accordingly, the Supreme Court should have granted that branch of Kedex's motion which was for summary judgment declaring that Trisura is obligated to defend Kedex in the underlying action.
However, the Supreme Court properly denied that branch of Kedex's motion which was for summary judgment declaring that Trisura is obligated to indemnify Kedex in the underlying action. "'[A]n insurance company's duty to defend is broader than its duty to indemnify'" (One Reason Rd., LLC v Seneca Ins. Co., Inc., 163 AD3d 974, 976, quoting Automobile Ins. Co. of Hartford v Cook, 7 NY3d at 137). "Accordingly, even where a duty to defend has been established, [*3]there may still be a triable issue of fact as to whether the underlying coverage was actually within the scope of coverage afforded by the particular policy at issue" (id.). "The duty to indemnify on the part of an insurer requires a determination that the insured is liable for a loss that is covered by the policy" (Mapfre Ins. Co. of N.Y. v Ferrall, 214 AD3d 635, 636 [internal quotation marks omitted]). Here, Kedex's submissions failed to eliminate triable issues of fact concerning, among other things, whether the scope of work at the property included demolition, such that the construction exclusion applied, and whether Ochoa was an employee of Kedex within the meaning of the policy, such that the employer's liability and workers' compensation exclusions applied (see Matter of Progressive Dr. Ins. v Malone, 228 AD3d 759, 763; Harleysville Ins. Co. v United Fire Protection, Inc., 227 AD3d 499, 500).
Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Queens County, for the entry of a judgment, inter alia, declaring that Trisura is obligated to defend Kedex in the underlying action (see Lanza v Wagner, 11 NY2d 317, 334).
DILLON, J.P., CHRISTOPHER, WAN and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court